7801

### WALL v. CHELSEA PLANTATION CLUB.

1. DEMURRER.—Where a Circuit Judge on appeal from magistrate adjudges that defendant is entitled to a nonsuit, but remands the case for such action as the plaintiff may see proper to take, and he brings another action on the same cause of action without having magistrate enter nonsuit in first action, demurrer on ground that

there is another action pending on the same cause of action or that the issues are adjudicated in the first action, is not well taken.

2. PRINCIPAL AND AGENT—ESTOPPEL.—Where one borrows money, giving a due bill signed by him as an individual but states in the body of the bill it is for another, there being no evidence that he was the agent of the other with power to borrow money, but there being no evidence that the money was not used for the benefit of the other as expressed in the bill, the third party is estopped from denying the agency of the subscriber.

*Divided Court.*


Before DANTZLER, J., Beaufort, September, 1909. Affirmed.

Action by D. H. Wall against Chelsea Plantation Club in court of Magistrate H. D. Burnett. From Circuit order affirming magistrate's judgment, defendant appeals on the following exceptions:

I. "Because his Honor, the Circuit Judge, erred in deciding and holding that a second action could be brought by plaintiff while there was an action already pending between same parties, for the same cause and in the same Court at the time the second action was brought.

II. "That his Honor, the Circuit Judge, erred in deciding and holding that the order issued by the Circuit Court remanding this cause back to the magistrate court gave plaintiff the right to commence a new action for the same cause, and that plaintiff did not have to proceed under the pleadings in the original cause then pending before said magistrate.

III. "That his Honor, the Circuit Judge, erred in holding and deciding that, if said case was ended by the order of the Circuit Court, the matter was not *res judicata* and that plaintiff was not barred from bringing another action with that judgment standing against him.

IV. "His Honor erred in deciding and holding that the evidence produced at the trial showed an existence of such

an agency between the defendant company and E. Martin as to authorize E. Martin to borrow money and pledge the credit of defendant company to pay same.

V. "His Honor erred in deciding that E. Martin was acting within the scope of his agency and had the power to borrow money, and to bind the defendant company to pay such debt and obligation when he borrowed the sixty ($60.00) dollars evidenced by the due bill introduced in evidence.

VI. "His Honor erred in deciding that the due bill for sixty ($60.00) dollars introduced in evidence in a way bound the defendant company to pay same unless proof of acceptance by said defendant company had been made.

VII. "His Honor erred in deciding the evidence showed that E. Martin had the power to bind defendant company to pay sixty ($60.00) dollars evidenced by the due bill introduced in evidence or that there was any evidence whatever to show that said Martin was acting within the scope of his agency when he borrowed cash money and undertook to pledge the credit of defendant company for same.

VIII. "His Honor erred in deciding and holding that the sixty ($60.00) dollars in question was not the personal obligation of E. Martin instead of being the obligation of defendant company."

*Mr. W. J. Thomas,* for appellant, cites: *No agent can bind his principal while not acting within the scope of his agency:* 47 S. C. 147; 39 S. C. 444; 1 Ency. 1136; 37 S. C. 380, 199; 72 S. C. 205; 86 S. C. 73.

*Mr. Thos. E. Miller,* contra, cites: *Plaintiff is not required to prove the agency was limited:* 57 S. C. 347; 47 S. C. 148. *Principal is bound by the acts of his agent:* 39 S. C. 281; 13 S. C. 5; 56 S. C. 126; 57 S. C. 347; 48 S. C. 430; 49 S. C. 345; 44 S. C. 41; 35 S. C. 145; 47 S. C. 148;

29 S. C. 281; 10 Rich. 337; 4 Strob. 363; Riley 222; 3 Strob. Eq. 263.

March 3, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced before a magistrate, to recover the sum of seventy-one dollars and thirty-five cents, alleged to be due on an open account. The magistrate rendered judgment in favor of the plaintiff, for said amount. The defendant appealed, but the appeal was dismissed by the Circuit Court; whereupon the defendant appealed to this Court upon exceptions, which will be reported.

The case was tried twice in the magistrate's court. On appeal from the first judgment, rendered by the magistrate, his Honor S. W. G. Shipp, presiding Judge, adjudged that the defendant was entitled to a nonsuit, and ordered that the case be remanded to the magistrate's court, for such further action, as the plaintiff might see fit to take. When the case was called for trial the second time, before the magistrate, the defendant demurred, on the ground that there was another action pending between the same parties, for the same cause. The magistrate overruled the demurrer, on the ground that the plaintiff had the right, under the order of Judge Shipp, to take such action thereafter, as he saw fit.

We do not deem it necessary to state any additional reasons, to show that the demurrer was properly overruled. This disposes of the first and second exceptions.

The due bill was as follows: "Due D. H. Wall for money advanced Chelsea Club $60.00. E. Martin."

In the statement of account rendered by the plaintiff against the defendant, on the 18th January, 1909, the following item appears: "May 26. Money advanced to pay off hands (due bill), $60.00."

The same item appears in the statement of account, rendered on the first of March, 1909, in this form: "May 26. To due bill for cash to pay hands, $60.00."

When the plaintiff offered the due bill in evidence, the objection which the defendant interposed to its introduction, was, "that it does not show who E. Martin is, and it does not appear, on the face of said due bill, that the defendant is bound by it."

Section 368 of the Code provides, that "upon hearing the appeal, the appellate Court, shall give judgment, according to the justice of the case, without regard to technical errors and defects, which do not affect the merits." Even conceding that E. Martin, the agent of the defendant, was not authorized to execute the due bill, nevertheless, it appears that it was given, for money advanced for the benefit of the club. And, it is a reasonable inference from all the testimony, that it was so expended, especially when it is taken into consideration, that the defendant did not rely upon the fact, that the money was used for other purposes, but simply upon the objection, that it does not appear, upon the face of said due bill, that the defendant was bound by it. The cases of *Williamson* v. *Eastern B. & L. Asso.,* 54 S. C. 582, 32 S. E. 765, and *Drewry* v. *Amusement Co.,* 87 S. C. 445, show that under such circumstances, the principal is estopped from denying the authority of the agent.

Thus showing that the remaining exceptions cannot be sustained.

Affirmed.

MR. CHIEF JUSTICE JONES *concurs.*

MR. JUSTICE WOODS, *dissenting.* On March 12, 1909, the plaintiff D. H. Wall brought his first action in the court of Magistrate Burnett asking judgment against the defendant Chelsea Plantation Club for seventy-one dollars and thirty-five cents. The magistrate gave judgment in favor

of the plaintiff for the amount claimed. On appeal to the Circuit Court Judge Shipp held that the answer put in issue plaintiff's allegation of defendant's corporate existence, that the plaintiff had failed to establish this allegation and had also failed to show that Edward Martin, the person who had contracted the debt to the plaintiff, had any authority to bind the defendant. Upon this finding the Court decreed: "That defendant is entitled to nonsuit, and that this case be remanded to the magistrate's court for such further action as plaintiff may see fit to take. It is ordered that the judgment appealed from be, and the same is, hereby, reversed."

It seems that without taking a nonsuit, or doing anything further in the original case, the plaintiff instituted a second suit on June 12, 1909, in the magistrate's court on the same cause of action. The defendant demurred in the second suit on the ground that there was another action pending on the same cause of action, and on the further ground that, if the first action was not still pending, the issues which were the same in both actions had been adjudicated against the plaintiff in the first action. The demurrer was over-ruled and the defendant answered, setting up the same defenses that had been stated in the demurrer, and denying liability for sixty dollars borrowed money which was the principal item of the plaintiff's claim. The plaintiff again recovered judgment for the full amount claimed, and on appeal the judgment was affirmed by the Circuit Court. The defendant's appeal to this Court involves all the questions raised before the magistrate and Circuit Court

Strict compliance with the order of Judge Shipp no doubt required that the plaintiff should take a nonsuit in the magistrate's court before commencing another action. But irregularities in magistrate courts not affecting the merits are not to be considered. Code of Civil Procedure, section 368. The evidence in the second case was not in the least stronger than the first, but it does not follow that

Judge Shipp's order can be regarded a final adjudication. That order was nothing more than an order directing a nonsuit, and in this State a judgment of nonsuit on the merits of the action is not a final adjudication. The cases on this subject were cited and the rule stated in *Morrow* v. *Atlanta & C. A. L. Ry. Co.*, 84 S. C. 224, 66 S. E. 186.

The appeal therefore depends on the question whether there was any evidence whatever before the magistrate tending to show that the plaintiff had lent the sum of sixty dollars to the defendant. The only witness sworn was the plaintiff, who testified that on May 20, 1908, he paid out sixty dollars to one Edward Martin on the following due bill: "Due D. H. Wall for money advanced Chelsea Club, $60. E. Martin." He further testified that he lent the money to Martin as the agent of the Chelsea Club, and would not have lent it to Martin on his own credit. The defendant paid for a number of articles of merchandise suitable for use on a farm, purchased by Martin and charged to defendant by plaintiff. On January 28, 1909, the defendant published the following notice: "To whom it may concern: Please take notice that Edward Martin is no longer in any way connected with the Chelsea Plantation Club, as agent, employee, or otherwise, and has no power whatever to bind said club for any purpose whatever. Chelsea Plantation Club, January 28, 1909."·

This is the entire evidence relied on as tending to show that defendant conferred on Martin authority to borrow money. The plaintiff testified that Martin never at any other time borrowed money for the club, and made the further very significant statement that Martin "asked me not to include the money in my bill, but he would pay it himself when he got his check." There is not a particle of evidence that Martin used any of the money in the business of the defendant or for its benefit, or that the borrowing of the money was necessary to the performance of any duty

with which Martin was charged.   The very utmost that the
evidence tends to show is that Martin was employed by the
defendant to care for its property and superintend its farm,
and that the defendant recognized his authority to bind it
by the purchase of goods appropriate for use in the course
of the service he had undertaken.   The conclusion that such
a relation in any degree imports the authority in an agent
to borrow money in the name of the principal is not only
contrary to long established precedent, but puts in peril
business interests to a degree which cannot fail to give
alarm; for if this be the law the managers of mills and
stores and farms have it in their power to bankrupt the
property owners for whom they act.

The rule that an agent has no implied power to borrow
money for his principal, except when the conduct of the
business absolutely requires the exercise of such power, has
been so often stated that it seems unnecessary to do more
than refer to a few of the authorities.   "Power to lend or
borrow money, like most other special powers of an agent,
is not to be inferred without clear evidence of such a grant.
Except the exercise of such power be strictly necessary to
the execution of the purpose it is not to be implied from
the mere grant to the agent of general powers of any kind."
31 Cyc. 1395.   "Authority to borrow or lend must be
either expressly conferred or necessarily implied from the
authority granted, and will not be implied from a mere
general authority, unless the character of the business or
the duties of the agent are of such a nature that he is bound
to borrow or lend in order to carry out his instructions and
the duties of his office." 2 Enc. L. & P. 1037; *Consolidated
Nat'l Bank* v. *Pac. C. S. Co.,* 29 Am. St. 85, and note;
*Bank* v. *Johnson,* 3 Rich. 43; *Sawyer* v. *Wayne,* 6 N. Y.
745; *Bank* v. *Thrower* (Ga.), 45 S. E. 316; *Case* v. *Hammond* (Mo.), 79 S. W. 732; *Schram* v. *Liebenberg* (Col.),
94 Pac. 345.   Had there been evidence that the money,
although borrowed without authority, had been used for

the benefit of the defendant, it may be that the defendant would have been liable to the extent of the actual benefit received, on the principle set out in *Luther* v. *Wheeler,* 73 S. C. 83, 52 S. E. 874; but there was no such evidence.

It seems to me clear, on both principle and authority, that the defendant is not liable for the sixty dollars borrowed by E. Martin from plaintiff, and that the judgment should be modified accordingly.

MR. JUSTICE HYDRICK *concurs.*