## 9358

### MAYFIELD v. BRITISH & AMERICAN MORTGAGE CO., LIMITED.

(88 S. E. 370.)

1. USURY—ATTORNEY'S FEE.—The borrower of money can be required to pay a reasonable attorney's fee, for services in preparing abstract of title for the property to secure the loan, without violation of the statutes against usury.

2. USURY—ATTORNEY'S FEE.—Where the fee, to an attorney who negotiated a loan, for his work in preparing an abstract for the property to secure the loan, is unreasonable, and the unreasonable portion carries the interest on the whole loan over 8 per cent., there is usury.

3. PRINCIPAL AND AGENT—AGENCY—QUESTION OF LAW.—The facts from which agency is to be inferred not being in dispute, the question is a matter of law.

4. BROKERS—LOAN BROKERS—AGENCY FOR BOTH PARTIES.—An attorney, employed to secure a loan, being engaged in making other loans for the lender, is the agent both of borrower and of the lender.

5. USURY—ESTOPPEL OF BORROWER.—Where an attorney, negotiating a loan charges an unreasonable fee for preparing the abstract for the property to secure the loan, so that the latter is usurious, the fact that the contract purports to be an agreement for an attorney's fee does not estop the borrower to sue for usurious interest paid and the penalty, since Courts can uncover the hidden illegality of a contract and declare its true character.

6. EQUITY—MAXIM—DOING EQUITY.—When a litigant goes into equity, the Court may refuse its aid to enforce an unconscionable demand, since he who seeks equity must do equity.

7. USURY—RENEWAL—ESTOPPEL OF BORROWER.—Where the lender and
   borrower of money at usurious interest, through the medium of an
   unreasonable attorney's fee for preparing the abstract for property
   to secure the loan, agreed to renew, there was no change of securi-·
   ties, and the borrower is not estopped to recover the usurious inter-
   est and penalty.

8. USURY—ACTION TO RECOVER—INTEREST AND PENALTY—QUESTION FOR
   JURY.—In suit to recover usurious interest and penalty by borrow-
   ers, who claimed the loan was usurious, through their agreement to
   pay an unreasonable attorney's fee for preparing the abstract for
   the property to secure the loan, the question of the value of the
   services of the attorney was an issue of fact for the jury.

9. USURY—RECOVERY OF USURIOUS INTEREST—VOLUNTARY PAYMENT.—A
   borrower may pay usurious interest voluntarily and then sue for
   and recover it.


Before MAULDIN, J., Bamberg, March, 1915.  Reversed.


Action by Leda K. Mayfield against the British and
American Mortgage Company, Limited.  From a judgment
for plaintiff, defendant appeals.


*Messrs. Thomas & Lumpkin* and *D. W. Robinson,* for
appellant, cite: *As to when ruling on motion for new trial
will be reviewed:* 100 S. C. 284; 92 S. C. 425; 72 S. C. 430,
433; 54 S. C. 141; 71 S. C. 154; 99 S. C. 421; 2 Bail. 35;
Bay 272; 3 Strob. 361 and 566.  *Usury:* 8 S. C. Eq. (Bail.)
498, 507; 116 U. S. 98; 9 Pet. 397; 21 N. Y. 219; 25 Iowa
289; 46 Am. St. Rep. 179; 38 S. C. 184; 44 S. C. 94; 49 S.
C. 356; 88 S. C. 528.  *Court will itself determine what is a
reasonable attorney's fee:* 94 S. C. 386, 387; 97 S. C. 480;
84 S. C. 462; 71 S. C. 258; 62 S. C. 186; 38 S. C. 183; 49
S. C. 350, 352.  *Written contract for 8%:* 77 S. C. 146;

FOOTNOTE.—As to commissions charged borrower by lender's agent
being usury, see notes in 19 L. R. A. (N. S.) 391, and 46 L. R. A. (N.
S.) 1157. Admissibility of parol evidence to show that contract is tainted
with usury, see notes in 16 A. & E. Ann. Cas. 390; exaction from bor-
rower of expenses of making loan, see notes in — A. & E. Ann. Cas.
1914c, 410. Recovery of usury voluntarily paid, see notes in 1 A. & E.
Ann. Cas. 390.

100 S. C. 85; 31 S. C. 288.   *Not usurious to collect interest in advance:* 77 S. C. 146; 55 S. C. 104; 46 Am. St. Rep. 171, 189; 6 L. R. A. (N. S.) 612, 613.   *Charges added to interest do not exceed highest rate:* 83 S. C. 528; 29 A. & E. Enc. of L. (2d ed.) 494; Webb, Usury, sec. 100, p. 112; 62 S. C. 174.   *Agency:* 91 S. C. 491; 83 S. C. 526; 19 L. R. A. (N. S.) 391.   *Borrower's contract with his own agent:* 71 S. C. 258; 84 S. C. 462; 46 Am. St. Rep. 196, 197; 46 L. R. A. (N. S.) 1161; 116 U. S. 98; 91 S. C. 321. *Charge as to agency:* 81 S. C. 333; 96 S. C. 78, 79.   *Estoppel:* 33 S. C. 209; 95 S. C. 333, 338, 339; 13 S. C. 370; Bigelow, Estoppel (4th ed.) 543, 612, 613; 81 S. C. 332; 93 S. C. 193; 27 S. C. 235; 122 U. S. 241.   *Agreement as to attorney's fees operated to estop borrower:* 92 S. C. 336; 120 C. C. A. 365; 202 Fed. 90; 89 S. C. 418; 71 S. C. 155; 85 S. C. 540; 36 S. C. 478; 18 S. C. L. 59; 2 Bay 23; 31 S. C. 442; 34 S. C. 186, 187; 45 S. C. 653, 654.   *Lender innocent:* 120 C. C. A. 368; 92 S. C. 336.   *Renewal agreement:* 18 S. C. L. (2 Bail.) 54; 36 S. C. 468; 37 S. C. 590, 591, 593.   *Usury not to be imputed to an executed transaction:* 67 S. C. 568, 569, 570; 62 S. C. 174 and 192.   *Voluntary payment:* 100 S. C. 86; 90 S. C. 488, 489; 30 Cyc. 1298.   *Law practical:* 55 S. C. 143; 6 Rich. Eq. 334.

*Messrs. W. H. Townsend, Carter & Carter* and *Mayfield & Free,* for respondent, cite: *As to agency:* 65 S. C. 116, 120; 49 S. C. 345, 355; 83 S. C. 521, 525, 528; 65 S. C. 118, 119. *Notice to lender:* 98 S. C. 344; 49 S. C. 352. *Estoppel:* 44 S. C. 538; 98 S. C. 279; 2 Elliott, Contracts, sec. 967. *Method of calculating interest:* 55 Minn. 520. 526; 57 N. W. 311; 62 S. C. 174.   *Renewal agreement:* 6 S. C. L. (1 Treadw.) 144; 2 Speers 85; 77 S. C. 144, 147; 13 S. C. L. (2 McC.) 173; 13 Am. Dec. 707; 2 Elliott, Contracts, sec. 980; 116 U. S. 98.

March 29, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to recover usurious interest paid.   While there is much conflict as to the facts, still there are some things undisputed.   The plaintiff and her husband wanted to borrow $20,000 on several tracts of land, a part of it owned by the wife, and a part owned by the husband.   It was thought better to make one loan in one name, and the husband conveyed his land to his wife.   Application was made to Messrs. Patterson & Son for a loan of $20,000. The application did not say from whom the loan was expected, but Messrs. Patterson & Son made loans for the appellants in Bamberg and surrounding counties.   The plaintiff also signed a contract employing Messrs. Patterson & Son as her agents to secure the loan, and agrees as fol- lows: "I agree to pay said J. O. Patterson & Son for his services and for preparing an abstract."   This blank was furnished by the lender.   These attorneys were making other loans for the lender.   They prepared the abstracts. Their statements as to the contents of the public records were taken, and when the abstract was made up, it was sent to the lender, whose general attorney passed upon the abstract as prepared.   The securities were prepared by this other attorney of the lender and forwarded to Messrs. Pat- terson & Son for execution.   There was also sent at the same time blank, or rather unsigned, drafts to be signed by the borrower.   These drafts were made payable to prior mortgagees, holders of judgments, liens, etc.   These papers were to be signed and delivered under the direction and supervision of Messrs. Patterson & Son.   The notes bore interest at 7 per cent.   One draft for $1,000 was payable to Messrs. Patterson & Son.   This draft is the source of trouble.   The plaintiff claims that the $1,000 was paid under a verbal agreement to pay 5 per cent. commissions; that he paid a fee of $50 in full of the written agreement to

pay for the abstract of title and a fee for inspection of the premises; that the $1,000 was a bonus, and made the contract usurious, and asked for judgment in the sum of $14,159.46, for usurious interest paid and penalty. Appellant denies the payment of $50, and claims that the $1,000 was paid as the fee for the preparation of the abstract of title, and paid only after the plaintiff had approved it as reasonable by signing the draft. The case was tried on Circuit, and resulted in a judgment for the plaintiff. From this judgment the defendant appealed, with 15 exceptions, but states in his argument that they raise six questions:

1. Usury—reasonableness of attorney's fee—calculations.

There is nothing in this case upon which to base calculations. There were several witnesses for the appellant, who stated that, while the abstract by itself did not furnish sufficient data upon which to base an opinion, yet if in the preparation of the abstract Mr. Patterson had done the work he claims to have done, the fee was reasonable. Mr. Mayfield, the witness for the respondent, said that the fee was extortionate. Both sides admitted that the charging of an unreasonable fee would be, under the contract, usurious if it was known, either actually or constructively, by the lender. The appellant claims that the lender must not only know that he is paying a counsel fee, but that it is an unreasonable counsel fee, particularly if the borrower pays the fee without protest.

It was not denied that the borrower could be required to pay a reasonable fee without violation of the statutes against usury. Only the unreasonable portion, then, could be charged as usury. The borrower had agreed in writing to pay the fee. If the unreasonable portion carried the interest over 8 per cent. it was usury. There was evidence that it was unreasonable, but to what extent it was unreasonable there is no evidence. A judgment, therefore, based on this record, cannot stand.

2. Agency—whose agent was Mr. Patterson?

Appellant says he was respondent's agent. Respondent says he was appellant's agent. The facts, from which agency is to be inferred, not being in dispute, agency is a matter of law. Similar facts have been before this Court in several cases, and it has been held that the one who occupied Mr. Patterson's position was the agent of both parties. *Holley* v. *Still,* 91 S. C. 491, 74 S. E. 1065; *Mortgage Company* v. *Woodward,* 83 S. C. 526, 65 S. E. 739.

3. Estoppel—by agreement for attorney's fees—renewal agreement.

(a) When a Court is probing a contract for unlawfulness, the mere name by which it is called does not work an estoppel. It is the substance, and not the name, that governs. There are some cases in this State that have not stated the true test of usury. It does not change the practical result to come back to the true rule, but it tends to confusion to call things by the wrong name. People have the right to make any contract the law does not forbid. A contract may work a hardship on one of the contracting parties; but, unless the law forbids the contract, the Courts of law must enforce it. People must take care of themselves, or the legislature must protect them by making the contract unlawful.

When a litigant goes into a Court of equity, the Court may refuse its aid to enforce an unconscionable demand. "He who seeks equity must do equity." Neither the Court of equity nor the Court of law has the right to take money or any kind of property from one and give it to another, except in obedience to some law. There is no law that forbids or penalizes the charging of an unreasonable commission or an unreasonable fee. An unconscionable commission or fee being paid, there is no remedy at law or in equity. The Courts have, however, the right to uncover the hidden unlawfulness of a contract and declare

its true character.   A sum of money retained or paid in an attempt to evade the law against usury may be declared to be in fact usurious interest; and, when it is adjudged to be usurious interest, then the law against usurious interest applies, and should be enforced.   The practical result is not changed, but it is well to give logical and lawful names to the matters with which we deal.   The question for the Court is, was the payment of this fee a cloak to hide usurious interest?   If so, the penalty of usury attaches to the transaction.

(b) The renewal agreement did not change the securities, but merely extended the time of payment, and cannot work an estoppel.

4. Value of services of attorney.

This was a question of fact for the jury, if it was material, as a fee.

5. Voluntary payment.

The mere fact that a payment is made voluntarily, is not sufficient, because any one may pay usurious interest voluntarily and then bring suit for and recover it.

No effective circumstances accompanying this voluntary payment have been relied upon by appellant.

6. Usury laws not impracticable or impossible.

With the wisdom of the law, this Court has nothing to do.   Usury laws are wholesome, but not to be abused in enforcement.   The law should, and does, protect our people from oppression, but we must make safe money of others sent into our bounds for our use and for legitimate purposes.

The judgment is reversed, and a new trial ordered.