## 9893

### DANIELSON v. MIXON *ET AL.*

#### (95 S. E. 515.)

1. USURY—UNCONSCIONABLE FEE.—An unconscionable fee exacted for procuring a loan is not necessarily usury.

2. USURY—AGREEMENT IN WRITING.—A mortgagor who agreed in writing to pay a fee for procurement of the loan could agreed to pay 8 per cent. on the money.

3. USURY—COMMISSION FOR PROCURING MORTGAGE LOAN.—There was no violation of the usury laws in charging commission for a mortgage loan, where, whether the commission was a scheme or not, the amount of interest for the period of the loan was enough less than the 8 per cent. which might have been charged to cover the commission.

Before GARY, J., Barnwell, Spring term, 1917. Reversed.

Action by Simeon Danielson against Medico C. Mixson and Eldred C. Hay. From a judgment for defendants, plaintiff appeals.

The decree of the Circuit Court, directed to be reported, was as follows:

This case comes before me upon exceptions to the report of the master, which exceptions may be found in the record. The action is for the foreclosure of a mortgage of real estate. The defendant, Mixson, contends that the contract for the loan of the money for which the bond and mortgage in question were given was a usurious contract. He also interposes a counterclaim for the double amount in respect of interest. The master finds that the contract was tainted with usury in its inception, and sustains the counterclaim to the extent of twice the amount of interest paid over and above the legal rate, denies to the plaintiff's attorney a reasonable amount as attorney's fees, although the contract authorizes it, and finds that the plaintiff is entitled to the judgment for the actual amount of the debt less double the amount of interest collected over the legal rate.

While agreeing with the master that the contract was usurious in its inception and that the plaintiff should be penalized by the statute, I cannot agree with him in his calculations as to the amount of the penalty. But whilst I think the master has reported that judgment should be given this defendant for more than is proper, I am powerless to correct this error, for the reason that no exception is taken to this report by the defendant. What was said in *Mortgage Co. v. Woodward,* in 83 S. C., at page 527, 65 S. E. 740, is conclusive of the questions before us now: "The method of negotiating" the loan was precisely that adopted in a number of cases that have been before the Courts of this State. It is not, therefore, necessary "to give any detailed statement" of this method. The Supreme Court "has considered substantially the same question in a number of cases.

*Bates v. American Mortgage Co. of Scotland,* 37 S. C. 88 (16 S. E. 883, 21 L. R. A. 340) ; *Brown v. Brown,* 38 S. C. 173 (17 S. E. 452) ; *American Freehold Land Mortgage Co. of London v. Felder,* 44 S. C. 478 (22 S. E. 598) ; *Land Mortgage Mt. Co. v. Gillman,* 49 S. C. 345 (26 S. E. 990, 29 S. E. 203) ; *Blackwell v. British Mort. Co.,* 65 S. C. 105 (43 S. E. 395). And in all these cases this Court affirmed the conclusion of the Circuit Court, based upon the circumstances, that the intermediaries were agents of the lender, or, at least, were agents of both lender and borrower."

The rule of law on this subject established by the great weight of authority, including cases from our own State, is that the receiving of excessive and unreasonable commissions by the agent of the lender with the knowledge, actual or constructive, of the principal, renders the transaction usurious if such commission and the interest added exceed the lawful rates. *Brown v. Brown,* 38 S. C.; *Vahlberg v. Keaton,* 51 Ark. 534, 11 S. W. 878, 4 L. R. A. 462, 14 Am. St. Rep. 73; note to *France, Adm'r, v. Munro,* 19 L. R. A. (N. S.) 391.

"We regard a charge of 20 per cent. of the amount of the loan as commissions unreasonable and excessive for any service rendered by Duncan and the Corbin Banking Company for the benefit of the defendant. We hold, therefore, that the transaction in question is usurious." *Mortgage Co. v. Woodward,* 83 S. C. 528, 65 S. E. 742.

By the same reasoning we conclude that the master was right in holding that the commissions charged in this case were unreasonable, and, inasmuch as the commission and the interest charged exceed the lawful rate, the contract was usurious.

The calculation of the master was erroneous for the reason that he failed to allow the plaintiff's attorney a reasonable fee for the valid portion of the indebtedness. In *Mortgage Co. v. Woodward,* 83 S. C. 529, 65 S. E. 742,

the Supreme Court, after holding that the contract was usurious on account of an unreasonable charge of commissions, said: "This, however, does not affect the right of plaintiff to recover the $40 provided in the mortgage as attorney's fees and allowed by the Circuit Court."

This is conclusive as to the question of whether or not the attorney may recover his fees where it is provided by the contract notwithstanding the contract is usurious. Withholding attorney's fees is not part of the penalty provided by the State for usury.

The debt was $1,700; from which should be deducted commissions improperly withheld, $1—$1,649. Counterclaim for double interest received, $728—$921. Attorney's fee, $92.10—$1,013.10.

The plaintiff should, therefore, have been allowed judgment against the defendant, Mixson, for only $1,013.10. But, as was said above, no exception was taken by the defendant to the amount of the counterclaim allowed by the master, and his report must be unchanged in that particular. There was exception by the plaintiff, however, to the master's failure to allow judgment for a reasonable amount to the plaintiff's attorney. The contract authorizes it, and in my judgment it should be allowed. See *Mortgage Co. v. Woodward,* 83 S. C. I think $92.10 a reasonable fee to be allowed.

It is, therefore, hereby ordered that in all respects which the report of the master is not in conflict with the above, it is affirmed. But in the particulars indicated it is modified.

It is further ordered that the plaintiff have leave to enter judgment against the defendant, Medico Mixson, for the amount reported by the master, to wit, $1,314.72, and for $92.10 attorney's fees.

*Messrs. Thomas & Lumpkin* and *J. Wesley Crum, Jr.,* for appellant, submit: *The fee for negotiating the loan is not unreasonable:* 83 S. C. 528; 1 S. C. 227; 44 S. C. 81;

49 S. C. 345; 38 S. C. 173; 44 S. C. 84; 65 S. C. 119; 37 S. C. 88; 44 S. C. 478; 91 S. C. 487; 88 S. E. 370; 44 S. C. 93.  *Plaintiff is not bound by the knowledge of Krank & Son as to the fees received by them:* 50 S. C. 290; 33 S. C. 473; 40 S. C. 151.  *As to his Honor holding that the commission and interest charged exceed the lawful rate and make contract usurious:* 88 S. E. 371; 83 S. C. 528.  *Plaintiff is an innocent purchaser for value:* Civil Code, 1912, sec. 2519.

*Messrs. V. S. Owens* and *Bates & Simms,* for respondent, submit: *That the transaction was usurious:* 111 Ga. 242; 43 Minn. 307; 45 N. W. 439.  *The Circuit Judge having concurred with the master in his findings of fact, they should not be disturbed:* 94 S. C. 88; 100 S. C. 324; 100 S. C. 157; 100 S. C. 331.  *As to party lending money for another, being agent of the lender:* 91 S. C. 491; 83 S. C. 525; 37 S. C. 88; 38 S. C. 173; 44 S. C. 478; 49 S. C. 346; 65 S. C. 105; 83 S. C. 525; 49 S. C. 356.

January 28, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to foreclose a mortgage.  The defendant, by his answer, set up usury.  The defendant was the owner of a tract of land covered by two mortgages.  He went to James Frank & Son, of Augusta, Ga., to procure a new loan to take up these two mortgages.  The mortgagor signed an application for a loan, appointing James Frank & Son his agents to procure a loan and also an agreement to pay them $136 as commissions for procuring the loan.  The note and mortgage were made to Union Savings Bank of Augusta, for $1,700, at 7 per cent., dated November 16, 1910, payable November 1, 1915.  The note provided that, if any part of the principal or interest was not payable at maturity, the rate of interest should be 8 instead of 7 per

cent.  The note and mortgage were purchased by the appellant from the bank.  It was referred to the master, who made the following statement:

Amount of old loan, $858; Bank of Western Carolina, $685.85; cost new loan, J. F. S., $136; check for recording and abstracting new tract, $18.50; balance, $1.65; total, $1,700.

The master held that the contract was usurious.  Upon exceptions to the master's report, his Honor held: "By the same reasoning we conclude that the master was right in holding that the commissions charged in this case was unreasonable, and, inasmuch as the commission and the interest charged exceed the lawful rate, the contract was usurious."

In this his Honor was in error.  An unconscionable fee is not necessarily usury.

In *Mayfield v. Mort. Co.,* 104 S. C. 157, 158, 88 S. E. 370, 372:

"When a Court is probing a contract for unlawfulness, the mere name by which it is called does not work an estoppel.  It is the substance, and not the name, that governs.  There are some cases in this State that have not stated the true test of usury.  It does not change the practical result to come back to the true rule, but it tends to confusion to call things by the wrong name.  People have the right to make any contract the law does not forbid.  A contract may work a hardship on one of the contracting parties; but, unless the law forbids the contracts, the Courts of law must enforce it.  People must take care of themselves, or the legislature must protect them by making the contract unlawful.

"When a litigant goes into a Court of equity, the Court may refuse its aid to enforce an unconscionable demand.  'He who seeks equity must do equity.'  Neither the Court of equity nor the Court of law has the right to take money

270                DANIELSON *v.* MIXON *et al.*

_____
                    Opinion of the Court.                [109 S. C.
_____

·or any kind of property from one and give it to another,
·except in obedience to some law.    There is no law that for-
bids or penalizes the charging of an unreasonable commis-
sion or an unreasonable fee.    An unconscionable commis-
sion or fee being paid, there is no remedy at law or in equity.
The Courts have, however, the right to uncover the hidden
unlawfulness of a contract and declare its true character.
A sum of money retained or paid in an attempt to evade the
law against usury may be declared to be in fact usurious
interest; and, when it is adjudged to be usurious interest,
then the law against usurious interest applies, and should be
enforced.    The practical result is not changed, but it is well
to give logical and lawful names to the matters with which
we deal.    The question for the Court is: Was the payment
of this fee a cloak to hide usurious interest?    If so, the
penalty of usury attaches to the transaction."

This is a stronger case than the Mayfield case.    In that
·case the mortgagee knew the amount of the fee.    In this
·case the only evidence on the subject is that neither the mort-
gagee nor its assignee knew the amount of the commission
·charged.

In this case the trial Judge allowed a fee of $85 and
·declared the excess of $51 to be usurious.    The appellant
agreed in writing to pay the fee and could have agreed to
pay 8 per cent. on the money.    The note had five
years to run before its maturity.    Accepting his
Honor's method as correct, we have (let the Circuit
decree be reported), take off the $51 disallowed, and we
have interest (the difference between 7 and 8 per cent.) on
$1,649, is $16.49 per year.    Now multiply that by 5, the
number of years allowed for payment by the note, and we
get $82.45, or a margin within the usury statute of $31.45.
So whether we consider the commission charged a scheme or
not, there was no violation of the usury laws.    The agree-
ment was in writing.    Therefore 8 per cent. could be

charged and taken, and the amount charged and taken did not exceed 8 per cent.

The judgment is reversed.