MORTGAGE & ACCEPTANCE CORPORATION v. STEWART

(140 S. E., 804)

1. PRINCIPAL AND AGENT—FINANCE COMPANY, RECEIVING PAYMENTS ON MORTGAGE ON AUTOMOBILE THROUGH DEALER WITHOUT OBJECTION, HELD NOT ENTITLED TO DENY AGENCY.—Automobile finance company, permitting buyer of car to make payments on its chattel mortgage to automobile dealer without objection, and receiving payments through dealer, *held* not entitled to deny dealer's agency and recover from buyer balance which dealer allegedly failed to transmit to finance company.

2. PRINCIPAL AND AGENT—IMPLIED AGENCY OF AUTOMOBILE DEALER TO WHOM BUYER OF CAR MADE PAYMENTS ON MORTGAGE HELD QUESTION FOR COURT IN FINANCE COMPANY'S ACTION AGAINST BUYER FOR BALANCE, WHERE MATERIAL FACTS WERE UNDISPUTED.—In action by finance company to recover from buyer of automobile balance of payments on chattel mortgage, question whether dealer to which buyer claimed to have paid entire amount of mortgage was implied agent of finance company, where material facts were undisputed, *held* question of law for Court.

3. PRINCIPAL AND AGENT—AGENCY MAY BE IMPLIED FROM DEALINGS OF PARTIES.—Agency may be established by implied authority, and general agency may be implied from the course of dealings by the parties.

4. PRINCIPAL AND AGENT—ONE RETAINING MONEYS RECEIVED THROUGH AGENT CANNOT DENY AGENCY.—One accepting benefits received from payment through agent cannot retain such benefits and deny consequences of agency.

5. ESTOPPEL—AS BETWEEN TWO INNOCENT PERSONS, HE WHO MAKES LOSS POSSIBLE SHOULD BEAR IT.—Where one of two innocent persons must suffer on account of third person's fraud, he who brings about the loss must bear it.

Before WHALEY, J., Richland, March, 1927. Affirmed.

Action by the Mortgage & Acceptance Corporation against T. M. Stewart, in which defendant entered a counterclaim. Judgment for defendant, and plaintiff appeals.

*Messrs. James Y. Perry* and *Edward B. Guerry,* for appellant, cite: *"Collect":* Blacks Law Dictionary, 215. *Waiver by conduct and estoppel in pais practically synonomous: 27 R. C. L., 905. As to whether or not there had been a*

*waiver for jury:* 133 S. C., 472; 27 R. C. L., 912. *Respondent is liable to appellant by reason of being a party to the conditional sales agreement:* 12 R. C. L., 1053. *Where facts are in dispute upon which an estoppel might be properly predicated, should go to jury:* 52 S. C., 396; 52 S. C., 408; 89 S. C., 391; Ann. Cas., 1913-A, 1070; 2 N. W., 639. *Mere silence and inaction is not sufficient upon which to base an estoppel:* 133 S. C., 431; 140 S. C., 384. *Estoppel here question for jury:* 6 Cal., 263; 107 S. C., 204; 82 S. C., 24; 117 S. C., 426; 2 Mill. Const., 251; 15 S. C., 219; 115 S. C., 360; 140 S. C., 384; 136 S. C., 267; 2 Herman on Estoppel, 1443. *Apparent authority of agent question for jury:* 10 R. C. L., 845; 21 C. J., 1253; 21 R. C. L., 856. *Apparent authority when used in the sense that no real or implied authority is present is the same as authority or agency by estoppel:* Mechem on Agency (2nd Ed.), Secs. 720–722. *Agency by estoppel usually question for jury:* 2 C. J., 962; 134 S. E., 481. *Intention that a course of conduct or representation may be relied upon is essential to create an estoppel in pais:* 139 S. C., 223; 67 S. C., 432; 67 N. W., 687; 68 N. W., 1055; 21 C. J., 1253, Sec. 270. *Cases distinguished:* 135 S. C., 1; 136 S. C., 267.

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for respondent, cite: *Agency is a matter of law for the Court when the material facts are not in dispute:* 104 S. C., 152; 132 S. C., 212. *Agency may be established by implied authority:* 133 S. C., 353. *A general agency may be implied from the course of dealings of the parties:* 135 S. C., 1. *Sometimes it is referred to as agency by estoppel:* 2 C. J., 461. *Acceptance of benefits ratifies agency:* 88 S. C., 61; 36 S. C., 384–403; 2 C. J., 493. *Where one of two innocent persons must suffer, he who brings about the loss must bear it:* 136 S. C., 267; 136 S. E., 300.

December 22, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an action in claim and delivery commenced in the County Court of Richland County on the 18th day of October, 1926, for the recovery of the possession of a certain Ford automobile as described in the affidavit of the plaintiff, or, if possession could not be had, then for the sum of $126.00 as value thereof; plaintiff claiming right to the possession of the Ford automobile in question under a certain conditional sale agreement, the terms and conditions of which having been broken.

The defendant in his answer admitted buying the Ford automobile in question, and set up payment in full and entered a counterclaim for damages for the unlawful taking of the Ford automobile in question by claim and delivery papers by the plaintiff.

This action came up for trial on the 17th day of March, 1927, before Hon. M. S. Whaley, Judge, Richland County Court, and a jury. The jury returned a verdict for the defendant for the possession of the car and for the sum of $25.00 actual damages.

A motion for a new trial was made upon the grounds contained in the exceptions in this appeal hereinafter set out, and argument had thereon, which motion was refused.

The appellant by his exceptions raises the following question: The sole question presented by the appeal is whether the finance company, which has intrusted to an automobile dealer the collection of the payments on the chattel mortgage owned by the finance company, and has received payments through the automobile dealer, can deny the dealer's agency.

Stewart purchased an automobile from Floyd Motor Motor Company, giving as part payment of the purchase price an old car and a mortgage on the car made out to the finance corporation. The mortgage called for monthly payments which were made by Stewart to Floyd Motor Company, and by them remitted to the finance company. The action was brought for the balance due on this note; the

finance company claiming there was a balance due of $126. Stewart claimed the entire amount had been paid to Floyd Motor Company, and exhibited his receipts in full. The issue was submitted to the jury as to whether Stewart had paid the mortgage in full to Floyd Motor Company, and the jury found Stewart had paid the mortgage debt in full.

The Court instructed the jury that Floyd Motor Company, for the purpose of this collection, was the agent of the finance company, and from that portion of the Judge's charge the finance company has appealed.

The question, therefore, presented to this Court is 1, 2  whether Stewart, having paid his mortgage in full to the Floyd Motor Company, will have to pay it over again to the finance company because of the alleged failure of Floyd Motor Company to transmit in full to the finance company.

The undisputed facts in the case show that all of the payments made on the mortgage and received by the finance company were paid by Stewart to Floyd Motor Company and remitted by them to the Mortgage & Acceptance Company. The Mortgage & Acceptance Company admits receiving these payments on five separate and distinct occasions. They were received from Floyd Motor Company. After these payments commenced to come in through Floyd Motor Company, no objection was made by the finance company, either to Stewart or to the Floyd Motor Company.

The contention of the appellant is untenable under the particular facts as developed in the case, the Judge's charge is sustained, as the material facts are not in dispute, and agency is a matter of law for the Court whether Floyd Motor Company was the implied agent of the appellant or its agent by estoppel. *Mayfield v. British & American Mortgage Company, Ltd.,* 104 S. C., 152; 88 S. E., 370. *Bailey v. Smith,* 132 S. C., 212; 128 S. E., 423.

Agency may be established by implied authority. *Swift & Co. v. Callahan,* 133 S. C., 353; 131 S. E., 146; 2 Corpus Juris, 435. A general agency may be implied from the course of dealings of the parties. *Leaphart v. Selby,* 135 S. C., 1; 133 S. E., 451. Sometimes it is referred to as agency by estoppel. 2 Corpus Juris, 461.

Perhaps the quotation below from 2 Corpus Juris, 461, would succinctly embrace the principles referred to in the authorities cited:

"Sec. 71. (b) *General Rule.* The same acts and conduct on the part of a principal that, when so intended, work an implied appointment often estops the principal to deny an appointment when no actual agency was intended. Accordingly, it is a general rule that, when a principal by any such acts or conduct has knowingly caused or permitted another to appear to be his agent, either generally or for a particular purpose, he will be estopped to deny such agency to the injury of the third persons who have in good faith and in the exercise of reasonable prudence dealt with the agent on the faith of such appearances, although no consideration moved to the alleged principal, and, although there was no actual fraud on the part of such principal, as the estoppel may be allowed on the ground of negligent fault on his part, on the principle that where one of two innocent persons must suffer loss, the loss will fall on him whose conduct brought about the situation."

In the case at bar the Mortgage & Acceptance Company has accepted the benefits of the Floyd Motor Company agency in retaining to itself the moneys received for its account through the motor company. They cannot retain these benefits and deny the very consequences of the agency. *Wall v. Chelsea Plantation Club,* 88 S. C., 61; 70 S. E., 434. *Reeves v. Brayton,* 36 S. C., 384–403; 15 S. E., 658; 2 Corpus Juris, 493.

From the latter citation we take the following excerpt:

"Sec. 114. (c) *Accepting Benefits—(1) General Rule.* In accordance with the rule that the principal must ratify the whole of the agent's unauthorized act or not at all, and cannot accept its beneficial results, and at the same time avoid its burdens, it is well settled that, as a general rule, if a principal with full knowledge of all the material facts takes and retains the benefits of the unauthorized act of an agent, he thereby ratifies such act, and that with the benefits he accepts also the liabilities and burdens resulting therefrom."

Where one of two innocent persons must suffer, he who brings about the loss must bear it. *Land v. Reese,* 136 S. C., 267; 134 S. E., 252. *Davis v. Bland,* 138 S. C., 354; 136 S. E., 300.

This familiar principle is a culminative reason for sustaining the charge in this case. Stewart has been allowed by the company to feel that he could with safety pay Floyd Motor Company on the mortgage. They have received his payments through Floyd Motor Company; he has paid Floyd Motor Company in full; and he should not be required to pay again, because the error of judgment in selecting Floyd Motor Company, if there was such an error, was upon the finance company.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.