13558

GEORGIA VENEER & PACKAGE CO. v. S. H. & E. H. FROST, INC.

(167 S. E., 500)

Messrs. *Thomas & Thomas,* for appellant, ▮▮▮▮

Mr. *Geo. W. Beckett,* for respondent, ▮▮▮▮

January 18, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Respondent is engaged in the manufacture and sale of baskets, crates, and the like receptacles of vegetables grown for shipment, with their principal place of business at Brunswick, Ga.

Appellant is engaged in business in the City of New York as commission merchants, who receive and sell assignments of vegetables and the like produce on consignment.

W. Ross Hughes was engaged, at the time of the transaction set forth in the complaint, in vegetable truck business in Beaufort county, S. C.

Mrs. A. D. Townsend was the agent of respondent at Beaufort.

On the order of W. Ross Hughes, Mrs. Townsend, by telegram, ordered Georgia Veneer & Package Company to ship to Hughes at Port Royal, S. C., a carload of tomato crates, and send the bill to S. H. & E. H. Frost at New York. The order was promptly filled, and the bill amounting to $701.00 was sent to S. H. & E. H. Frost. They did not pay it.

This action is brought on the predicate that Hughes was the agent of S. H. & E. H. Frost in ordering the crates; that by their course of dealing with plaintiff the defendants

have estopped themselves to deny that Hughes was their agent in the transaction, and by their conduct had acquiesced in and affirmed the transaction.

Defendants deny that Hughes was their agent or that they authorized the shipment of the crates to him, or agreed to pay for them; and deny all the material allegations of the complaint.

The case was heard by Judge Rice and a jury. At the conclusion of all the testimony, defendant's counsel moved for directed verdict on the ground that there was not a particle of evidence to show that Hughes was the agent of defendant. The motion was refused on the ground that there was evidence (that of Mrs. A. D. Townsend) from which the jury might conclude that the defendants were estopped to deny that Hughes was their agent in this transaction.

Unless the testimony of Mrs. Townsend shows agency by estoppel of defendants to deny it, there is no proof of agency.

Mrs. Townsend was vice president of the Beaufort Veneer & Package Company, and the agent of the Georgia Veneer & Package Company.

The relevant part of her testimony is as follows:

After testifying to the sending of the telegram to the Georgia Veneer & Package Company:

"Q. Had you any previous dealings with Mr. Hughes? A. Yes: *with Beaufort Veneer and Package Company.*" (Italics added.)

Q. Of which you were Vice-President? A. Yes, sir.

Q. Have you ever sold to Mr. Hughes and billed to Messrs. S. H. & E. H. Frost any goods? A. Yes, sir.

Q. Did you have any special authority to do that from Frost? A. *From W. Ross Hughes. I sold him goods in the latter part of the year 1930.* (Italics added)

Q. You said you sold goods to Mr. Hughes and charged them to Frost? A. Yes, sir, baskets and barrels.

Q. Did they pay the bills? A. Always."

On cross-examination she testified that she never had any authority from Frost & Frost in writing or·orally to sell to Hughes and charge to them.

Hughes testified that he was not an agent in any matter for Frost & Frost; that he ordered those crates from Mrs. Townsend.

Accepting Mrs. Townsend's testimony as uncontradicted, it shows only that she had at some time sold W. Ross Hughes barrels and baskets which were charged to Frost & Frost and paid for by them. How many such transactions there were does not appear. *But all of them were with Beaufort Veneer & Package Company.* There is not a syllable of evidence to show that Georgia Veneer & Package Company had the slightest knowledge of such transactions between the Beaufort Company and Hughes. It is said, however, that the officer of the Beaufort Company, with whom Hughes dealt, was the agent of the Georgia Veneer & Package Company, and sent the order to the latter for Hughes. Conceded; but there is an utter lack of evidence that she communicated a word to the Georgia Company which would apprize them of her course of dealing with Hughes. It is then assumed beyond the scope of argument that that course of business could not have had any influence whatever in inducing the Georgia Company to fill the order. It cannot be doubted that their reliance was wholly on their agent. Mrs. Townsend.

Estoppel arises when one is led to change his position to his hurt by something which another has done or said, or left undone or unsaid, and the second person seeks to repudiate or evade the consequences of his action or speech, or nonaction or silence. The law estops him. Such is not the case here.

It would be straining the law of agency, and the rule of proof by estoppel of such agency, to say that Frost & Frost should pay the debt of Hughes to Georgia Veneer & Pack-

age Company because Hughes had bought merchandise from Beaufort Veneer & Package Company which he ordered charged to Frost & Frost, and for which they paid, but of which transactions the Georgia Company was not informed by its agent, who was an officer of the Beaufort Company.

The judgment of the Circuit Court is reversed, and the complaint is dismissed.

MR. CHIEF JUSTICE BLEASE, MR. JUSTICE CARTER and MESSRS. ACTING ASSOCIATE JUSTICES WM. H. TOWNSEND, and M. M. MANN, concur.