## 16353

### SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. WRNO, INC.

(59 S. E. (2d) 146)

*Messrs. Felder, Rosen & Horger*, of Orangeburg, *for Appellant,*

534

*Messrs. Moss & Moss,* of Orangeburg, *for Respondent,*

May 4, 1950.

TAYLOR, Justice.

This appeal comes from the County Court of Orangeburg County where the Honorable John S. Bowman, Presiding Judge, granted respondent's motion for judgment *non obstante veredicto* after the jury had found for the appellant, who now comes to this Court upon exceptions which pose the question of whether or not the Trial Judge erred in the granting of such motion, contending that the contract between respondent and appellant was entered into by Robert L. Easley, the then manager of Radio Station WRNO, Inc., in the furtherance of his own business, the Dixie Network, and that the Telephone Company had full knowledge thereof.

It is undisputed that at the time of the request for the service in dispute, September 16, 1946, Mr. Easley was the general agent of the appellant, charged with the construction, maintenance and general management of its business. There was introduced into the record the original of the order to the Telephone Company for such services, which was written on WRNO stationery, signed Radio Station WRNO, R. L. Easley, dated September 16, 1946, and requested:

"1—Local remote line, from WRNO building to building occupied by the Orangeburg Observer."

"1—Class 'C' line from Orangeburg, S. C. to Columbia, S. C., with local loops in each city to connect to WRNO building in Orangeburg and to 600 Pickens Street in Columbia."

"1—Regular business telephone system in WRNO building, using two lines (two consecutive numbers) with three instruments, with 'hold' keys and lights."

Before installation, the first item was cancelled by mutual consent. The last item requested was installed, was and is still continuing to be used by appellant, and there is no question thereabout; therefore, we are concerned with the second item only.

Respondent installed the line to appellant's station as requested, but appellant contends that this was a duplicate service and of no value to WRNO, but was installed for the Dixie Network and R. L. Easley personally; that the Telephone Company had knowledge thereof and that it is not liable therefor. The record discloses that this service, which was begun March 25, 1947, was used by the appellant until November 14, 1947, when it refused to pay the account; that on September 22, 1947, one payment of $267.75 was made and on October 24, 1947, another $100.00 payment was made thereon; that on or about July 1, 1947, Mr. Easley was replaced by Mr. Paul Brown, who agreed to pay such account and did thereafter make two payments thereon.

Under the undisputed facts of this case, we are of the opinion that Mr. Easley, as a matter of law, was the agent of the appellant. *Mayfield v. British & American Mortgage Co., Ltd.,* 104 S. C. 152, 88 S. E. 370; *Bailey v. Smith,* 132 S. C. 212, 128 S. E. 423; *Mortgage & Acceptance Corp. v. Stewart,* 142 S. C. 375, 140 S. E. 804.

Even characterizing Mr. Easley's act as unauthorized, as contended by appellant, but with which we do not agree, the appellant will not be permitted to ratify that part of the contract which is advantageous to it and repudiate that which is burdensome. If the appellant ratifies in part, it ratifies the whole. "In the absence of consent on the part of the third person involved in a transaction with one acting on behalf of another without authority, a principal cannot ratify a part of the agent's unauthorized act without

ratifying the whole transaction. Therefore the principal cannot ratify that part of the transaction which is advantageous to himself while repudiating the burdensome part, nor can he make the ratification conditional upon his suffering no loss. On the contrary, a principal who ratifies the unauthorized act of his agent also ratifies his representations and warranties, as well as all other instrumentalities employed by the agent as an inducement to the action of the third person involved in the unauthorized transaction." 2 C. J. S., Agency, § 66, page 1145.

The other improvements ordered at the same time, with the exception of those cancelled by mutual consent, were also installed by the respondent and have been and are continuing to be used. As late as November 17, 1947, the service on this line was interrupted by a tree falling thereon, and appellant immediately reported this interruption to the respondent with the request that such service be restored.

For the foregoing reasons we are of the opinion that there was no error on the part of the Trial Judge in granting respondent's motion for judgment *non obstante veredicto* and that all exceptions should be dismissed, and it is so ordered.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.