### 17482

Charles Frederick FOCHTMAN, Trading and Doing Business as Highway Motor Sales, Respondent, v. CLANTON'S AUTO AUCTION SALES, Appellant

(106 S. E. (2d) 272)

*Leroy M. Want, Esq.,* of Darlington, *for Appellant,*

*Messrs. Burnett & Neff,* of Galax, Virginia, and *R. Cog-burn Hewitt,* of Florence, *for Respondent,*

December 10, 1958.

TAYLOR, Justice.

This appeal comes to this Court from the Court of Common Pleas for Darlington County, wherein plaintiff (Respondent) brought an action for breach of contract arising out of Appellant's having stopped payment on two checks given Respondent as the price of two automobiles and conversion arising out of the retention of a Ford automobile owned by Respondent.

The case was submitted to the jury which returned the following verdict:

"We find for the plaintiff the sum of Twenty-six Hundred and Fifty-two Dollars and Fifty Cents actual damages plus interest.

"As to alleged conversion of Ford car, we find for the plaintiff Two Hundred and Fifty Dollars for conversion of car."

Timely motions for directed verdict and judgment notwithstanding the verdict or in the alternative for a new trial were made and refused by Judge Bruce Littlejohn.

Appellant, Clanton's Auto Auction Sales, Inc., is a wholesale automobile auction market in Darlington County, where automobiles are bought from and sold to dealers. The title to the car being sold passes from the seller to Clanton's and from Clanton's to the purchaser, with Clanton's giving its check to the seller and in turn taking payment from and guaranteeing the title to the purchaser. For such services Clanton's receives a small fee.

In instant case, Respondent sold two cars on Appellant's auction market on July 24, 1952, and received therefor two

checks from Clanton's totaling $2,652.50. Upon presentation of the checks to the bank a short time thereafter, payment thereof was refused on the ground that Clanton's had stopped payment thereon. Respondent also alleges that Clanton's had prevented him from driving from its premises a Ford automobile which was Respondent's property.

Defendant-Appellant conceded that payment on the checks had been stopped but pleaded by way of justification that six weeks prior thereto, on June 12, 1952, one Tom Barker, the alleged agent of Respondent, had purchased an automobile from Appellant and given a worthless check therefor in the amount of $1,430.00; that thereafter on July 24, 1952, Appellant had proffered Respondent the difference between $1,-430.00 and the amount of the two checks, $2,652.50, which was refused. Appellant further pleaded that Respondent's Ford car had been held only until the driver could show proper identification and the car had remained there on instructions of Respondent against its will for a long period of time and asks the sum of $325.00 as storage.

Respondent testified that he did business as a used car dealer under Virginia License No. 3161 as Highway Motor Sales of Galax, Virginia; that on the 24th day of July, 1952, he sold at Appellant's auction market two automobiles for which he received in payment therefor two checks from Appellant in the sum of $2,652.50; that shortly thereafter he presented said checks to the local bank which refused to honor them upon the grounds that Appellant had stopped payment thereon. Upon inquiry being made of Appellant as to why payment had been stopped, Respondent was informed that one Tom Barker had on June 12, 1952, given Appellant a worthless check in an automobile transaction for $1,430.00 and contended that Barker had done so as the agent of Respondent. Respondent testified that Barker had been an employee of his until approximately three months prior to the incident, but during such employment, Barker had no authority to purchase automobiles, that such decisions were always his and not Barker's. Respondent further stated that

at no time did Barker write or have authority to write checks on him; that on the contrary, Highway Motor Sales did not have a bank account; that the first knowledge of the existence of the worthless check given Appellant by Barker on June 12 was July 24 when Appellant gave this as the reason for stopping payment on the two checks. Appellant testified that it had previously notified Respondent of the worthless check by way of telephone, but Respondent testified that he did not have a telephone neither had he received any calls from Appellant over any other telephone; further, that he had talked with Mr. Clanton, Vice-President of the Appellant Corporation, on the morning of July 24 prior to the sale and no mention was made of Barker's worthless check; that Respondent had no interest or connection with the business operated by Barker.

It further appears that Barker after leaving the employment of Respondent, opened a similar business at Dobson, North Carolina, under the name of HiWay Motor Sales, Tom Barker, Dobson, North Carolina, which operated under North Carolina Dealer's License D95737; that upon consummation of a sale at Appellant's auction market, the Dealer's License Number would be recorded on the Bill of Sale; that a card system is kept by Appellant on each dealer, which reveals among other things the Dealer's License Number, address, etc., and that Card No. 3, which contained information relative to Barker and his business at Dobson, North Carolina, was unexplainedly absent.

Appellant testified that it had dealt all along with Respondent and Barker with their places of business in Virginia and North Carolina considered as one firm; that on June 12, a check made payable to Highway Motor Sales was endorsed by Barker as HiWay Motor Sales, Tom Barker, but there is nothing in the record to indicate that Respondent ever received any benefits or proceeds therefrom; that Barker had previously sold a number of cars on Appellant's market and that Barker had cashed checks using the name HiWay Motor Sales, Tom Barker. It was admitted by Respondent that

Barker had previously cashed checks endorsed as Highway Motor Sales, Tom Barker, but that at no time had Barker given checks. Appellant further testified that possession of the Ford car in question had been proffered Respondent and refused, but Respondent testified that this offer was made conditional upon payment of the check given by Barker or the surrender of Barker himself. Mr. Ray M. Clanton, an officer of Appellant, further testified that Respondent stated to him: "Tom Barker works for me. Whatever he does is all right." And had given instructions that checks of Highway Motor Sales, Tom Barker, should be cashed.

Appellant having alleged agency must show that the alleged agent had real or apparent authority to act for Respondent. Agency in fact is denied by Respondent, and Appellant is forced to rely principally upon "apparent authority" and equitable estoppel. The general rule being as stated in *Mortgage & Acceptance Corporation v. Stewart,* 142 S. C. 375, 140 S. E. 804, 805, citing 2 Corpus Juris 461:

" 'Sec. 71. (b) General Rule. The same acts and conduct on the part of a principal that, when so intended, work an implied appointment often estops the principal to deny an appointment when no actual agency was intended. Accordingly, it is a general rule that, when a principal by any such acts or conduct has knowingly caused or permitted another to appear to be his agent, either generally or for a particular purpose, he will be estopped to deny such agency to the injury of the third persons who have in good faith and in the exercise of reasonable prudence dealt with the agent on the faith of such appearances * * * on the principle that where one of two innocent persons must suffer loss, the loss will fall on him whose conduct brought about the situation.' " See also 2 C. J. S. Agency § 29.

In *Federal Land Bank of Columbia v. Ledford,* 194 S. C. 347, 9 S. E. (2d) 804, 810, citing 2 Corpus Juris 464, we find:

" 'The general rule, it will be observed, embraces three primary elements. These are (1) a representation by the

principal, (2) a reliance upon such representation by a third person; and (3) a change of position by such third person in reliance upon such representation. All three elements must be present to bring a case within the rule. The person sought to be bound must, by his word or conduct, have represented that the person assuming to act for him had authority so to do. Accordingly an estoppel does not arise from the mere fact that the agent has acted for the principal on one or more previous occasions, but not under the appearance of a general authority so to act, nor does the rule in question apply to acts of the agent outside the scope of the authority which the principal has caused him to seem to possess. * * *' " See also 2 C. J. S. Agency § 29.

It is indicated by the cases in South Carolina that one may not assert estoppel on the theory that he was misled by circumstances when he knew nothing about those circumstances. *Sullivan v. Moore,* 84 S. C. 426, 65 S. E. 108, 66 S. E. 561; *Georgia Veneer & Package Co. v. S. H. & E. H. Frost,* 168 S. C. 285, 167 S. E. 500, 501.

It is evident from the foregoing that the evidence was conflicting thereby creating an issue of fact to be resolved by the jury.

Appellant next contends that the trial Judge abused his discretion by failing to order a new trial because of the jury having made inquiry of the Court whether Tom Barker could be prosecuted on the criminal side of the Court, it being contended that this was extraneous matter and prejudicial. In reply to the query of the jury, the presiding Judge gave the further charge:

"Mr. Foreman and gentlemen of the jury, I charge you as a matter of law that whether or not he could be prosecuted should not affect your deliberations in this case."

It is difficult to see how the trial Judge could have handled the matter better or how Appellant could have been in anywise prejudiced by what transpired.

Appellant next contends that the presiding Judge erred when he charged:

"* * * Now whether or not Barker was an agent on June 12, or any time is, of course, a question for you to determine. * * *"

Appellant excepts to the words "or at any time". In view of Respondent's testimony that Barker was not his agent and had never been at any time and Appellant's position that Barker was the agent of Respondent and if not at that time, he had been in the past and acted under this apparent authority at the time of the transaction we see no error.

For the foregoing reasons, we are of opinion that the verdict and judgment appealed from should be affirmed, and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.