March 1, 1912. The opinion of the Court was delivered by
This action was for actual and punitive damages against defendant for its delay in delivering a horse in Darlington according to an alleged special contract made with plaintiff on July 7 and 8, 1909. The Darlington County Fair and Driving Association held a race meet in Darlington and as a special attraction had advertised that "Alphonso," a horse noted for his speed, would be entered. It was found to be impossible to get the horse to Darlington by the ordinary means in time to enter the races on the morning of July 8th. The plaintiff, through one of its stockholders, Mr. McLeod, approached defendant's agent, at Darlington, with the request that a special car be run to Bennettsville to bring the horse from there in time to enter the races that afternoon. With respect to the contract made between the parties, one of the issues of fact in the case was whether or not the defendant's agent guaranteed the delivery in Darlington by a certain time, plaintiff alleging that the agreement was an absolute one to have the horse in Darlington by one o'clock. It is certain that the sum of $40.00 was paid to the defendant as a consideration and a special train, in charge of Mr. Orrell, left Darlington for Bennettsville about eleven o'clock. The horse was taken on board at Bennettsville and the party started on their return trip to Darlington. Arriving at Swift Creek, about two miles from Darlington, between twelve and one o'clock, they found that a force of hands had taken out a span of the trestle across the creek for the purpose of repairing it, and that it was impossible for the train to cross. Though effort was made, it was several hours before the track was again in shape and the horse was not delivered until that afternoon, too late for *Page 438 
him to enter the races. There was evidence to show that the delay at the creek was caused by a peculiar formation in the bed; it consisting of quicksand, which, when decayed timbers were removed, flowed in and rendered it difficult to put in new timbers. But for this the trestle would have been repaired in ample time. On the trial of the cause in the Circuit Court, at close of plaintiff's testimony, defendant moved for a verdict to be directed in favor of defendant, which motion was refused. The Court was then requested to charge the jury the same request that motion to direct verdict was made on, and later after verdict was rendered, a motion for a new trial was made on the same grounds. The jury found verdict for plaintiff in the sum of five hundred dollars.
Defendant appeals, and asks for a reversal of verdict, as to exemplary or punitive damages, on two exceptions. One is that this is "an action ex contractu, based solely upon defendant's violation of its agreement to deliver a horse in Darlington by a certain time; that the contract was a special one entered into voluntarily by both parties, the defendant in its private as distinguished from its public capacity binding itself to the performance of an act in which the public was not interested or public policy concerned. Defendant for this suit must be regarded as a private and not as a common carrier, and that there is no evidence to sustain a finding by jury of punitive damages." We think the verdict as to punitive damages must be reversed, on the ground that there is no evidence to sustain it.
It is unnecessary to consider the other exception. There is no testimony in the case showing any conduct on the part of the defendant, its agent or servants, to justify a finding of wilfulness or wantonness. The testimony shows the delay was caused by the necessary repair of defendant's track, one of the imperative duties imposed upon it by the law to protect the safety and lives of its *Page 439 
passengers. The delay was caused solely by an unavoidable accident — something beyond the power of defendant to prevent or control. Punitive damages are never given unless the evidence shows there was on part of defendant a conscious failure to observe due care. This Court, in the case of Gwynn v. Telegraph Company, 69 S.C. page 444, 48 S.E. 460, quoting from Sutherland on Damages, says: "If a wrong is done wilfully, that is, if a tort is committed deliberately, recklessly, or by wilful negligence, with a present consciousness of invading a man's rights or of exposing him to injury, a case is presented for exemplary damages. These damages are allowed only when there is misconduct and malice, or what is equivalent thereto." There is no contention in this case but that plaintiff is entitled to actual damages. That is conceded by defendant. The actual damages proven were $50.00, $40.00 and $12.50, aggregating the sum of $102.50. The verdict was for $500.00, allowing for punitive damages the sum of $397.80.
As to punitive damages, the judgment of the Circuit Court is reversed and plaintiff have judgment only for actual damages, namely, $102.50.