10114

NORRIS v. GREENVILLE, S. & A. RY. CO.

(Two cases.)

(97 S. E. 848.)

1. NEGLIGENCE — "WANTON" — WHAT CONSTITUTES.—An act committed in such manner that a person of ordinary reason and prudence would say that it was a reckless disregard of another's rights is "wanton," although the wrongdoer does not actually realize that he is invading the rights of another.

2. TRIAL—FAILURE TO GIVE REQUEST—DUTY OF COUNSEL.—Counsel presenting requests need not call the attention of the Court to the fact that they have not been charged, unless they know the reason why requests were not charged.

3. NOTICE—KNOWLEDGE OF UNDISCLOSED FACTS—PRESUMPTION.—When a person has notice of such facts as are sufficient to put him upon inquiry, which, if pursued with due diligence, would lead to the knowledge of other facts, he must be presumed to have knowledge of the undisclosed facts.

4. TRIAL — REQUESTS — FAILURE TO GIVE — DUTY OF COUNSEL.—Where defendants' request commenced, "qualify plaintiff's third request as follows," and defendants' counsel knew that plaintiff's third request had been withdrawn, and that the Court had not given the request commencing as stated, it was counsel's duty to notify the Court that defendants still insisted upon their qualified request.

5. TRIAL—CHARGE UPON THE FACTS.—In action for death of plaintiff's intestate due to collision of automobile with defendant's passenger train at a dangerous crossing, and for damages to automobile, instruction with reference to giving warning held not subject to objection that it was a charge upon the facts.

6. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTION ON WEIGHT OF EVIDENCE.—Error, if any, in charging that under mortuary table the expectancy of a person 17 years of age is between 42 and 43 years held harmless.

Before SHIPP, J., Greenwood, Spring term, 1918. Affirmed.

Action by J. M. Norris, administrator of the estate of Harvey Norris, deceased, against the Greenville, Spartanburg & Anderson Railway Company, and by O. D. Norris against the same defendant. The two actions were tried

together by consent of counsel.    Verdict for $12,000 in the first case, and for $350 in the second, and the railroad company appeals.

These two actions were tried together by consent of counsel.    The first is for damages alleged to have resulted from the wrongful acts of the defendant in causing the death of Harvey Norris, plaintiff's intestate.    The second is for damages arising from the destruction of plaintiff's automobile, in which Harvey Norris was riding at the time of the accident.

The allegations of the first mentioned complaint which are material to the issues involved are as follows:

"(3) That the defendant, Greenville, Spartanburg & Anderson Railway Company, is a railroad corporation created by and under the laws of the State of South Carolina, and owns, operates, and controls a line of railway from Greenwood, in the county and State aforesaid, to Greenville, in the said State, and elsewhere, and is a common carrier of passengers and freight for hire.

"(4) That in the construction of the said railroad it became necessary to cross one of the principal highways in Greenwood county, and at the point where the said railroad would intersect the highway the defendant dug a deep cut across the same in order to avoid the cost of bridging the said cut, diverted the said highway to the foot of the same, and, instead of the said highway running directly across the said cut, it now runs up close to the said cut and then makes a sharp turn, and proceeds along the said cut and down the same until it reached the foot of the said cut, and there it makes a sharp turn and crosses the railway track, and after crossing the same again turns back and follows the said cut up into the original highway, and the crossing so made by the defendant and maintained by it is extremely dangerous and hazardous by the manner in which the said defendant company diverted and changed the said highway.

"(5) That heretofore, to wit, on the 16th day of July, 1917, Harvey Norris was passing along the said highway driving an automobile, and was in the act of crossing the said railroad and upon the said crossing, when a passenger train of the said defendant, running at a high and reckless rate of speed, collided with the said automobile in which the said Harvey Norris was riding, and threw the said Harvey Norris therefrom, causing such serious injury to his head and body, that he then and there died.

"(6) That the direct and proximate cause of the injury to the said Harvey Norris was the negligent, careless, reckless and wilful conduct of the defendant, in the following particulars, to wit:

"(a) In diverting the said highway to the foot of the said cut, instead of bridging the said cut, thereby making a very dangerous and hazardous crossing, and rendering ineffective the ordinary means of warning for approaching trains.

"(b) In maintaining a crossing for the said highway in a very dangerous and hazardous place without providing any safeguard for the protection of the public commensurate with the dangers of the situation.

"(c) In running upon the said crossing, which it knew was so located as to be extremely dangerous to persons obliged to use the same, at a high and reckless rate of speed

"(d) In failing to ring the bell or blow the whistle, as required by the statute laws of this State, on approaching crossings.

"(e) In failing to give such warning of the approaching trains as is reasonably sufficient, in the situation, to apprise a person using the said highway of the approach of its train."

The defendant denied the wrongful acts alleged in the complaint, and set up the following as a defense:

"That while the deceased was driving along the highway in the direction where it crosses another highway, to wit, the railway of the defendant herein, and where there was a sharp curve in the highway as it approached said railway,

and at the point where the conformation by reason of the cut through which the railway passes would require the exercise of care in order to see and avoid approaching cars upon the railway, the deceased, in violation of the statutes of this State, and in disregard of his own safety, and without due regard for the safety of persons traveling in defendant's car, did carelessly, recklessly, and wantonly drive the automobile referred to in the complaint at a high rate of speed greatly in excess of 15 miles an hour; whereas, under the law he should not have exceeded 6 miles per hour, around the said sharp curve and over and upon the railway track of the defendant, causing it to collide with the car belonging to the defendant which was being operated on defendant's track as a common carrier of passengers in pursuance of the public duty of the defendant."

The jury rendered a verdict in the first mentioned case for $12,000, and in the second for $350.

Typewritten requests were interchanged between opposing counsel.    Among the typewritten requests to charge submitted by the plaintiff was plaintiff's third request, which reads as follows:

"If the plaintiff's intestate, Harvey Norris, was killed as a result of the wilful misconduct of the defendant, its agents and servants, the plaintiff would be entitled to recover for his death, even though the said Harvey Norris was also guilty of negligence, which contributed to his death as a proximate cause, for contributory negligence is no defense to wilfulness."

The defendant thereupon submitted the following written request, which his Honor failed to charge, for the reasons stated in the order overruling motions for new trials hereafter set forth:

"Qualify plaintiff's third request as follows: 'But if the deceased recklessly and wantonly failed to use his senses to discover the approach of the train, and to take such steps as were reasonably necessary for his own safety, and if such

recklessness and wantonness was the proximate cause of his own death, then the plaintiff cannot recover, even though the defendant's conduct was wilful or wanton.' "

The defendant's attorneys made a motion for a new trial, the grounds of which are stated in the following order of his Honor, the presiding Judge:

"This is a motion for a new trial by the defendant, the plaintiff having been given a verdict by the jury for $12,000:

"(1) Because the presiding Judge refused defendant's request to charge modifying plaintiff's third request.

"(2) Because the Judge should have directed a verdict for defendant as to punitive damages.

"As to the first ground, it will be sufficient to state that the defendant was not entitled to the charge referred to, because same was not pleaded.   It is true defendant pleaded contributory negligence, but not contributory wilfulness.   It is also true that defendant did plead that plaintiff's intestate was driving the automobile in a reckless manner, and in violation of the statute, but this was set up as the proximate cause of the killing, and not as a contributory cause.   I charge the jury that, in order to hold defendant to liability, the plaintiff assumed the burden of proving that the unlawful act of defendant was the sole proximate cause of the injury.

"I had marked on the original requests of plaintiff at the third request to call my attention to the modification asked by defendant, but, when plaintiff withdrew the written requests to charge, my mind was not drawn to the requested modification, but, as above stated, there was no plea of contributory wilfulness, and I had already charged the jury that, if plaintiff's intestate's failure to use ordinary case was the proximate cause of his injury, he could not recover. Hence I cannot see how defendant was prejudiced.

"The second ground is overruled, as I think there was evidence to go to the jury, on the question of wilfulness.

"As to the third ground, I think the verdict was large, but, under all the circumstances, I am not inclined to interfere with the verdict. The motion is, therefore, overruled."

A similar motion was made in regard to the second cause of action.

The appellant assigns error on the part of his Honor, the presiding Judge, in the following particulars:

"(1) That he erred in refusing the motion for a directed verdict as to wantonness upon the ground that there was no evidence of wantonness.

"(2) That he erred in refusing a directed verdict as to wantonness upon the ground that no other reasonable conclusion could be drawn from the evidence than that the plaintiff had failed to establish wantonness on the part of the defendant.

"(3) That he erred in refusing to direct a verdict for the defendant upon the ground that no other reasonable conclusion could be drawn from the evidence than that the deceased himself was guilty of negligence operating as a proximate cause of the accident.

"(4) That, having charged the jury that contributory negligence was no defense to wantonness, he erred in failing to charge the following written request submitted by the defendant, to wit: 'But, if the deceased recklessly and wantonly failed to use his senses to discover the approach of the train, and to take such steps as were reasonably necessary for his own safety, and if such recklessness and wantonness was the proximate cause of his own death, then the plaintiff cannot recover, even though the defendant's conduct was wilful or wanton.'

"(5) His Honor having charged the jury that contributory negligence is a complete defense in an action for negligence, but is not a defense to an action for wilfulness, it is submitted that he erred in not charging the request submitted by the defendant, that, if the deceased was guilty of

recklessness and wantonness operating as a proximate cause of his own death, then the plaintiff could not recover, even though the defendant's conduct was wilful or wanton.

"(6) His Honor erred in charging plaintiff's fifth request, to wit: 'If, in the exercise of due care, a person operating an electric car should sound a whistle, ring a bell, or give some other effective warning of the approach of the car to a public crossing, and the person, with full knowledge of this duty, adverts to it and fails to give such warnings, the jury may infer from such conduct a wilful, reckless disregard of duty'—it being submitted that said charge was upon the facts.

"(7) His Honor erred in charging as follows: 'We have a statute which we call the mortuary table. It provides that, where a person is 17 years of age, he probably would live between 42 and 43 years. That would be his expectancy'—it being submitted: (1) The table contained in said statute does not establish the life expectancy of the deceased, but is only evidence of such expectancy. (2) Said table is only evidence, and his Honor in charging that a person 17 years of age would have a life expectancy of between 42 and 43 years was charging upon the facts in violation of the Constitution.

"(8) His Honor erred in refusing the motion for new trial and in holding that the answer of the defendant did not contain a plea of contributory wilfulness."

*Messrs. Featherstone & McGhee* and *Haynsworth & Haynsworth,* for appellant, submit: *That there was no evidence of wantonness, and that no other reasonable conclusion could be drawn from the evidence than that plaintiff had failed to establish wantonness on the part of the defendant:* 90 S. C. 444; 105 U. S. 129; 97 S. C. 383. *The Court should have directed a verdict for the defendant upon the ground that no other reasonable conclusion could be drawn from the evidence than that the deceased himself was guilty of negligence operating as a proximate cause of the acci-*

*dent:* 94 S. C. 145-6; 5 S. C. 389; 51 S. E. 988; 76 S. C. 378; 57 S. E. 196; 78 S. C. 379; 58 S. E. 980; 81 S. C. 193; 62 S. E. 205.    *The Judge erred in not charging the proposition contained in defendant's written request, to wit, that there was recklessness and wantonness on the part of the deceased, contributing as a proximate cause of the accident, this would be a defense to the charge of recklessness and wantonness on the part of defendant:* 59 S. C. 307.    *The Judge charged upon the facts, when he instructed as follows. "We have a statute which we call the mortuary table.    It provides that where a person is 17 years of age that he prob ably live between 42 and 43, that would be his expectancy:"* 107 S. C. 223; 20 S. E. 332; 58 L. R. A. 463; 42 S. E. 74; 53 S. E. 295; 58 Am. 463; 42 S. E. 74.

*Messrs. J. B. Park* and *W. H. Nicholson,* for respondent, submit: *As to duty of counsel who desire to have certain propositions charged:* 89 S. C. 572; 81 S. C. 4; 78 S. C. 401; 68 S. C. 428; 27 S. C. 270; 39 S. C. 24; 37 S. C. 251; 90 S. C. 301; 27 S. C. 22; 28 S. C. 454; 30 S. C. 377; 32 S. C. 149; 34 S. C. 311; 40 S. C. 134; 42 S. C. 71.    *Contributory negligence must be pleaded, if relied on as a defense:* 67 S. C. 146; 36 S. C. 36; 15 S. C. 28; 12 S. C. 8; 5 Ency. P. & P., p. 12; 70 S. C. 470; 73 S. C. 513; 72 S. C. 172; 76 S. C. 550; 80 S. C. 7; 86 S. C. 116.    *Defendant was not entitled to have submitted an act of wilfulness, on the part of deceased, to the jury—no such act having been pleaded:* 45 S. C. 278; 86 S. C. 232; 89 S. C. 384; 47 S. C. 28; 61 S. C. 184.    *As to the charge on the mortuary table:* 87 S. C., 330.

January 13, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

First, second and third exceptions: These exceptions cannot be sustained, for the reason that not only is the conscious

invasion of the rights of another in a wanton, wilful, and reckless manner an act of wrong, but also when the wrongdoer does not actually realize that he is invading the rights of another, provided the act is committed in such a manner that a person of ordinary reason and prudence would say that it was a reckless disregard of another's rights.

Fourth and fifty exceptions: The defendant's request, which was not charged, and the plaintiff's third request were linked together by the words "Qualify plaintiff's third request as follows," which preceded the defendant's request. His Honor, the presiding Judge, assigned the following as a reason for failing to charge the defendant's request:

"I had marked on the original requests of plaintiff at the third request to call my attention to the modification asked by defendant, but, when plaintiff withdrew the written request to charge, my mind was not drawn to the requested modification."

When the original request was withdrawn, it was only natural for his Honor, the presiding Judge, to conclude that the modification was no longer requested.

The rule is correctly stated in *Herskovitz v. Baird*, 59 S. C. 307, 37 S. C. 922, that it is not the duty of counsel presenting the requests to call the attention of the Court to the fact that they have not been charged, unless they know the reason why they were not charged.

When a person has notice of such facts as are sufficient to put him upon inquiry, which, if pursued with due diligence, would lead to knowledge of other facts, he must be presumed to have knowledge of the undisclosed facts.

In the present case the defendant, after reading the plaintiff's third request, prepared a request which commenced with the words, "Qualify plaintiff's third request as follows." Then follows the request in question. Both the requests were presented. The defendant's request was

conditional in its nature, depending upon the fact that the plaintiff's third request was charged. The defendant's attorneys knew that the plaintiff's third request had been withdrawn, and that his Honor, the presiding Judge, had not charged the request that was intended to qualify it. Under such circumstances it was their duty to notify his Honor that they still insisted upon their qualified request.

Sixth exception: The appellant makes merely a passing remark in regard to this exception, concluding as follows: "We do not care to enter into an extended argument upon this proposition."

We deem it only necessary to say that we do not deem it necessary to enter into an extended argument to show that it cannot be sustained.

Seventh exception: Even if there was error, it was harmless. *Clifford v. Railway,* 87 S. C. 324, 69 S. E. 513.

Eighth exception: Having reached the conclusion that the defendant's request was not erroneously overlooked by the Circuit Judge, this exception becomes immaterial.

Affirmed.

MESSRS. JUSTICES HYDRICK, FRASER and GAGE concur.

MR. JUSTICE WATTS did not sit.