## 11785

### BAILEY v. SMITH *ET AL.*

(128 S. E., 423)

1. DAMAGES—CONDUCT CONSTITUTING RECKLESS DISREGARD OF RIGHTS OF OTHERS MAY JUSTIFY AWARD OF PUNITIVE DAMAGES.—Conduct constituting reckless disregard of rights of others may justify award of punitive damages.

2. MUNICIPAL CORPORATIONS—AUTOMOBILE OWNER LEAVING CAR IN GEAR HELD NOT GUILTY OF MISCONDUCT JUSTIFYING PUNITIVE DAMAGES.—Garage employee, who accompanied car owner to place of bile which was to be driven on by garage employee *held* not guilty of such reckless disregard of rights of others as would warrant a recovery of punitive damages for injuries resulting when car was started while in gear and jumped curb, injuring pedestrian.

3. MUNICIPAL CORPORATIONS—AUTOMOBILE DRIVER STARTING CAR IN GEAR HELD NOT GUILTY OF CONDUCT WARRANTING PUNITIVE DAMAGES.—Automobile owner getting out of and leaving in gear automobusiness for purpose of driving car back to garage to be washed,

and who started car after owner had left, without ascertaining whether or not it had been left in gear, *held* not guilty of misconduct justifying award of punitive damages to pedestrian injured when car jumped curb.

4. EVIDENCE—IT IS COMMON KNOWLEDGE THAT SOME DRIVERS LEAVE THEIR AUTOMOBILES STANDING IN GEAR, AND THAT OTHERS DO NOT. —It is common knowledge that some drivers leave their automobiles standing in gear, and that others do not.

5. NEGLIGENCE—QUESTION FOR JURY.—Where there may be a fair difference of opinion as to whether an inference of negligence should be drawn from undisputed facts, negligence is question for jury.

6. PRINCIPAL AND AGENT—AGENCY IS MATTER OF LAW, WHERE FACTS ARE NOT IN DISPUTE.—Where facts from which agency is to be inferred are not in dispute, agency is matter of law.

7. MASTER AND SERVANT—AGENCY OF AUTOMOBILE DRIVER HELD FOR JURY.—Where garage employee accompanied car owner to her place of business for purpose of bringing car back to garage to be washed, *held,* question whether such employee was agent of car owner was for jury.

8. MASTER AND SERVANT—PLAINTIFF HAS BURDEN OF PROOF ON ISSUE OF AGENCY OF AUTOMOBILE DRIVER.—Where plaintiff alleged that garage employee, who had accompanied car owner to her place of business for purpose of driving car back to garage to be washed, was agent of car owner, burden of proof of such allegation was on plaintiff.

9. APPEAL AND ERROR—APPELLATE COURT CAN ONLY CONSIDER MATTERS APPEARING IN "CASE" FOR IT.—Appellate Court can only consider matters appearing in "case" for it.

10. MASTER AND SERVANT—INSTRUCTION HELD NOT TO WITHDRAW FROM JURY QUESTION OF CAR OWNER'S LIABILITY FOR NEGLIGENCE OF GARAGE EMPLOYEE IF FOUND TO BE AGENT OF OWNER.—In pedestrian's action against car owner and garage employee, who had ridden to owner's place of business with intent to bring car back to garage for washing, for injuries sustained when car jumped curb on being started while in gear by garage employee after owner had alighted, instruction as to owner's liability if she had delivered car to garage employee *held* not erroneous as withdrawing question of owner's liability for negligence of garage employee in case he was found to be owner's agent.

11. TRIAL—INSTRUCTION HELD NOT ERRONEOUS AS OMITTING QUESTION OF OWNER'S NEGLIGENCE IN LEAVING IT IN GEAR IN VIEW OF OTHER INSTRUCTIONS.—In pedestrian's action against car owner and garage employee, who had accompanied owner to her place of busi-

ness for purpose of driving car back to garage to be washed, for injuries sustained when car jumped curb on being started, while in gear, by garage employee after owner had alighted, instruction that owner was not liable unless garage employee was acting as her agent *held* not erroneous as omitting question of her negligence in leaving car in gear, in view of other instructions covering such matter.

12. TRIAL—CHARGE IN PEDESTRIAN'S ACTION FOR INJURY FROM AUTOMOBILE HELD NOT ERRONEOUS AS CHARGE ON FACTS.—In pedestrian's action against car owner and garage employee, who had accompanied owner to her place of business for purpose of driving car back to garage to be washed, instruction defining and illustrating what constituted an agency *held* not erroneous as charge on facts.

13. APPEAL AND ERROR—COURT MAY NOT SET ASIDE VERDICT AS INADEQUATE UNLESS SO GROSSLY SO AS TO INDICATE PREJUDICE OR CAPRICE.—Supreme Court may not correct verdict on ground that it is inadequate, unless so inadequate as to warrant inference of prejudice or caprice.

14. DAMAGES—$400 DAMAGES FOR INJURIES FROM AUTOMOBILE HELD NOT SO INADEQUATE AS TO INDICATE PREJUDICE OR CAPRICE.—$400 damages for injuries from automobile *held* not so inadequate as to indicate prejudice or caprice.

Before BONHAM, J., Richland, February, 1924. Affirmed.

Action by W. E. Bailey against H. C. Smith and Kate Miller. Judgment for plaintiff for a reduced amount against defendant Smith and plaintiff appeals.

The following are appellant's exceptions:

Plaintiff appellant excepts to the ruling of the Court upon the following grounds:

(1) That his Honor erred in overruling plaintiff's motion for direction of a verdict against both defendants because the only inference to be drawn from the evidence is that there was negligence on the part of both defendants constituting the proximate cause of the injury.

(2) That his Honor erred in overruling the motion of plaintiff for the direction of a verdict against the defendant Miss Kate Miller, because the only inference to be drawn from the testimony is that she was negligent and that her negligence was a proximate cause of the injury.

(3) That his Honor erred in directing a verdict for the defendants as to punitive damages, because there was evidence proper to be submitted to the jury and tending to show: (a) That the defendants and each of them were guilty of gross and reckless negligence in leaving the machine standing in gear and without brakes in dangerous proximity to a dangerous and muchly traveled street and sidewalk. (b) There was evidence proper to submit to the jury tending to show such gross negligence as indicated a willful and conscious indifference to the rights of the public and the plaintiff.

(4) That his Honor erred in charging the jury of his own motion twice, and again at the request of defendant, that the jury could not find any verdict for punitive damages against either of the defendants, because there was evidence proper to be submitted to the jury and tending to show: (a) That the defendants and each of them were guilty of gross and reckless negligence in leaving the machine standing in gear and without brakes in dangerous proximity to a dangerous and muchly traveled street and sidewalk. (b) There was evidence proper to submit to the jury tending to show such gross negligence as indicated a willful and conscious indifference to the rights of the public and the plaintiff.

(5) That his Honor erred in charging the jury: "You are to determine whether the defendant Smith was the agent of his codefendant, Miss Kate Miller, in this case. If you find he was not, then you cannot attribute any negligence of which you may find, by the preponderance of the evidence, he was guilty, to her"—because: (a) The evidence shows and no reasonable inference can be drawn from the evidence except that the defendant Smith was acting as agent of the defendant Miss Miller at the time of the occurrence, and in the matter which caused the injury to plaintiff.

(6) That his Honor erred in adding to the plaintiff's fourth request to charge, as to the burden of proof being

on the defendant Miss Miller to show that Smith was not her agent: "That is true, as a general proposition of law, but in this case the plaintiff has alleged that Smith was the agent of the defendant Miss Kate Miller, and it is incumbent upon the plaintiff to prove all the material allegations of the complaint by the preponderance of the evidence"—because: (a) The evidence which was introduced in this case and undisputed showed that the burden was on Miss Miller, the owner of the automobile, and the party who had placed the defendant Smith in possession of it just a moment before the accident, to show a lack of agency or authority.

(7) That his Honor erred in charging the jury, at the request of defendant: " '(1) I charge you in this case that if you should find by the preponderance of the evidence that the defendant Miss Miller delivered her car to the employee of the Barrow-Chevrolet Company at the Union Bank building in order to have them take it to their place of business and do work on it, you could not find any verdict against Miss Miller.' To which I have added: 'Unless you find that Smith was the agent of Miss Miller, and that he was negligent, and his negligence was a proximate cause of the accident.' I further add to that: 'If you find that Miss Miller was negligent, and that her negligence was a proximate cause of the accident, you can still find against her' "— because: (a) If Barrow-Chevrolet Company was the agent of the defendant, Miss Miller, then the act of its employee would have been her act, and she would be responsible for the same. (b) If the defendant, Miss Miller, at the time of the delivery of the car to Barrow-Chevrolet Company, had negligently or willfully placed and left it in a dangerous condition, and this dangerous condition in which she left it was the proximate cause of the injury to the plaintiff, she would have been liable for it.

(8) That his Honor erred in charging the jury, at the request of defendant: " '(2) I charge you that while a verdict against Mr. Smith would be a lien on the car of

the defendant Miss Miller, that you cannot find any personal verdict against Miss Miller if you believe she delivered her car to the employee of the Barrow-Chevrolet Company for them to work on it, for which she was to pay them.' And I have added: 'Unless you find that Smith was the agent of Miss Miller, and that he was negligent, and that his negligence was the proximate cause of the accident.' And to this I have also added: 'That if Miss Miller was negligent, and her negligence was the proximate cause of the accident, you could still find against her' "— because: (a) If Barrow-Chevrolet Company was the agent of the defendant, Miss Miller, then the act of its employee would have been her act, and she would be responsible for the same. (b) If the defendant, Miss Miller, at the time of the delivery of the car to Barrow-Chevrolet Company, had negligently or willfully placed and left it in a dangerous condition, and this dangerous condition in which she left it was the proximate cause of the injury to the plaintiff, she would have been liable for it.

(9) That his Honor erred in charging the jury at the request of the defendant: "(4) I charge you that if you find under the evidence in this case that the defendant, Miss Miller, delivered her automobile to the Barrow-Chevrolet Company for them to work on same, no negligence on the part of the Barrow-Chevrolet Company could be attributable to Miss Miller; therefore you cannot find any verdict in this case against the defendant, Miss Miller, unless you find that, at the time of the accident, Smith was the agent of Miss Miller, and unless you find that he was negligent and that his negligence was the proximate cause of the injuries"—because: (a) The said charge is a charge on the facts and undertakes to draw a conclusion on the facts. (b) If the defendant, Miss Miller left the car in a negligent and dangerous condition, which condition contributed to the injury as a proximate cause thereof, she would be liable even though there was negligence on the part of Barrow-

Chevrolet Company, or negligence on the part of Smith.

(10) That his Honor erred in charging the jury at the close of his charge and at the request of defendant: "Mr. Herbert: I would ask you to give the jury a definition of what constitutes agency; and I would like to have your Honor give them the illustration, that if you leave an automobile with some one to have it fixed, it would not constitute such an agency that the agent's negligence would be attributable to the owner of the automobile. The Court: That is true; but if the automobile—we may use by way of illustration— was turned over to a person for the benefit or convenience of the owner of the automobile, it becomes a question for the jury whether the person to whom it was turned over was the agent of the owner of the automobile at the time of the occurrence in controversy"—because: (a) The same was a charge on the facts and an intimation of the conclusion to be drawn from the facts. (b) If a party delivers an automobile to another to be fixed and at the time of delivery negligently or willfully delivers the car in a dangerous condition which is a proximate cause of the injury, such person would be responsible and could not escape responsibility for the injury caused thereby, although an act of another party combined or contributed with such act in causing the injury.

(c) The facts in this case left no other reasonable inference, but that the defendant Smith was acting as agent of the defendant, Miss Miller, at the time of the occurrence in handling the automobile.

(11) That his Honor erred in refusing the motion for new trial made by the plaintiff, because: (a) As shown in ground 1, the undisputed evidence showed that the injury and damage to the the plaintiff was serious and severe; that the plaintiff was earning $4 per day at the time of the injury, and had been unable to earn anything since. That the doctor's and hospital bill amounted to $200; that the injury was serious, and that the amount of the award was

totally inadequate. (b) The evidence showed, and no other inference could be drawn therefrom, that the defendant, Miss Miller, was guilty of negligence in leaving the car in gear without brakes set, in and near a crowded street and sidewalk, and this was a proximate cause of the injury. (c) The evidence showed, and no other inference could be drawn, that the machine was in gear, without brakes or with imperfect and inadequate brakes, and that the defendant, Miss Miller, was responsible therefor, and it was a proximate cause of the injury. (d) Under all the evidence, a verdict should have been rendered against both defendants for a larger amount.

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for appellant: *Starting car in gear would sustain punitive damages:* 116 S. C., 323; 111 S. C., 322; 91 S. C., 543; 75 S. C., 128; 69 S. C., 495; 61 S. C., 170; 91 S. C., 486; 72 S. C., 350. *Verdict should have been directed for actual damages against both defendants:* 86 S. C., 379. *Negligence:* 83 S. E., 347; 1 L. R. A. (N. S.), 851; 52 S. E., 651; 20 R. C. L., 120p; 29 Cyc., 520. *Agency for the Court:* 104 S. C., 152; 116 S. E., 684; 21 R. C. L., 822. *Presumption of agency from being in possession of property of owner:* 65 S. C., 395; 102 S. C., 146; 124 S. C., 342; 127 S. C., 340. *Leaving property in dangerous condition is negligence:* 4 Rich., 228; 68 S. C., 515; 1 Street Found. Leg. Liab., 68, 92. *Charge on facts:* 119 S. C., 134; 47 S. C., 488.

*Mr. R. B. Herbert,* for respondents, cites: *Wilfulness will not be presumed:* 79 S. C., 211; 84 S. C., 484. *Laborer on car not agent of owner:* 2 C. J., 419. *Agency for the jury:* 118 S. C., 381. *Bailment for hire:* 6 C. J., 1100, 1151.

June 12, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON.

This is an action for damages, actual and punitive, plaintiff alleges he has sustained on account of the wrongful acts of defendants. The case was tried before Judge M. L. Bonham and a jury, February, 1924, and resulted in a verdict for plaintiff against defendant Smith for $400. The allegations of the complaint, material to the questions involved, are as follows:

";(2) That on or about the 7th day of May, 1923, while the plaintiff was in and upon the sidewalk paving of Gervais Street, a public street and highway of the city of Columbia, and of the State of South Carolina, by the side of the Liberty National Bank Building, near Main Street; he was struck, knocked against the iron railing of an areaway wounded, bruised, his ribs were broken, and he was seriously and permanently injured externally and internally by an automobile, belonging, as he is informed and believes, to the defendant Kate Miller, and driven by her agent and codefendant H. C. Smith.

"(3) That the said injuires to the plaintiff were caused by the negligent, willful and wanton acts of the defendants in (a) driving the said automobile out of the street or driveway proper and onto the sidewalk provided and maintained for pedestrians; (b) in failing to have and keep control and direction of the machinery and steering apparatus of the said automobile; (c) in moving and operating the wrong levers and machinery of said automobile; (d) in moving said automobile at a high, excessive, and dangerous rate of speed; (e) in failing to keep a lookout and safeguard and protect the plaintiff and public who were using the sidewalk at said time and place, the same being a public and much used place.

"(4) On information and belief, that at the time of the aforesaid acts and wrongs by the defendants, and injury to the plaintiff, the defendant H. C. Smith was operating the automobile, which caused the same, as the agent of and for his codefendant Kate Miller, who owned the same."

Paragraph 5 describes the automobile. Paragraph 6 alleges damages for $10,000. Prayer for relief asks for attachment of automobile, and for judgment for $10,000.

The defendants filed separate answers. The defendant Smith answered, admitting that, at the time and place alleged in the complaint, an automobile driven by him, and owned by his codefendant, Miss Miller, came into collision with the plaintiff, and that the plaintiff received some injuries as the result of said collision, but he denied that the accident was caused by his negligence, and he further denied that the injuries were as serious as alleged in the complaint, and that he was acting as the agent of Miss Miller at the time of the accident.

Miss Miller, answering the complaint, admitted that she was the owner of the automobile described in the complaint, and that the plaintiff received some injuries as the result of said collision, but she denied that the accident was caused by her negligence, and that plaintiff was damaged in the manner or to the extent alleged in the complaint, and she denied, further, that her codefendant Smith was acting as her agent at the tme of the accident.

At the conclusion of all of the testimony, plaintiff's counsel moved for a directed verdict for plaintiff, leaving to the jury only the amount (1) as to both defendants, upon the ground that the only inference to be drawn from the evidence was that there was negligence on the part of both defendants, constituting the proximate cause of the injury; (2) as to defendant Smith, on the ground that there was but one inference to be drawn from the testimony, and that showed negligence on his part; (3) as to Miss Miller, separately, on the ground that the only inference to be drawn from the testimony was that she was negligent, and that Smith was acting as her agent at the time of the accident.

Defendant's counsel moved for a directed verdict as to both defendants as to punitive damages, on the ground that

there was no evidence of wilfulness, and as to Miss Miller as to both actual and punitive damages, on the ground that there was no evidence of actionable negligence on her part.

The Court granted the motion of defendant's counsel on the subject of punitive damages, but overruled all other motions.

The jury rendered a verdict in favor of Miss Miller, and for plaintiff against defendant Smith for $400.

Plaintiff's counsel then moved for a new trial upon several grounds, which need not be set out here, as they appear in plaintiff's grounds of appeal. The motion for new trial was refused.

Thereupon judgment was duly entered against defendant Smith, and plaintiff appealed. There are eleven exceptions.

The following facts are not disputed:

Miss Kate Miller, one of the defendants, was the owner of a Chevrolet automobile, purchased by her from Barrow-Chevrolet Company. She drove her car by the place of business of the Barrow-Chevrolet Company about 9 o'clock on the morning of the accident, and told them that she wanted to have her car washed, and requested that the company have some one drive with her to her place of business in the Liberty National Bank Building, and carry the car back for that purpose; that thereupon the defendant Smith, an employee of the Barrow-Chevrolet Company, got into the car with Miss Miller, and she drove to the entrance of the Liberty Bank Building, on Gervais Street, and stopped the car at or near the curbing, and got out, leaving Mr. Smith in the automobile. The curbing at that point is 5 or 6 inches higher than the street. In leaving the car, Miss Miller left it in gear. After Miss Miller went into the building, Mr. Smith moved over into the seat just vacated by her and put his foot on the selfstarter, with the intention of starting the car. He did not observe at that time that the car was then in gear, nor could he ascertain this fact except by "feeling it." The car "jumped" and ran up on the

sidewalk, where it struck and knocked down plaintiff, and inflicted some bodily injuries upon him. The place where the accident happened is a much traveled sidewalk. Both defendants are experienced drivers.

We will consider plaintiff's exceptions in the order in which they are discussed by plaintiff's counsel. Exceptions 3 and 4 impute error to the Circuit Judge, first, in directing a verdict for the defendants as to punitive damages; and second, in charging the jury that they could not find a verdict against either defendant for punitive damages.

Plaintiff's counsel cites the following cases as applicable to the facts of this case: *Norris v. Greenville Ry.*, 111 S. C., 322; 97 S. E., 848. *Bussey v. Charleston & W. C. Ry.*, 75 S. C., 129; 55 S. E., 163. *Tinsley v. Western Union*, 72 S. C., 350; 51 S. E., 913. *Geddings v. Atlantic Coast Line R. Co.*, 91 S. C., 486; (?) S. E. 284; and *Proctor v. Southern Ry. Co.*, 61 S. C., 170; 39 S. E., 351.

In the *Norris Case* we find this definition of willfulness:

"These exceptions cannot be sustained, for the reason that not only is the conscious invasion of the rights of another in a wanton, willful, and reckless manner an act of wrong, but also when the wrongdoer does not actually realize that he is invading the rights of another, provided the act is committed in such a manner that a person of ordinary reason and prudence would say that it was a reckless disregard of another's rights."

In *Bussey v. Railway* the Court points out that recklessness is an equivalent of willfulness or intentional wrong:

"These exceptions must be overruled for the reason that we have already shown there was testimony tending to prove recklessness, which is the equivalent of willfulness or intentional wrong. *Pickett v. Railway*, 69 S. C., 445; 48 S. E., 466."

In *Tinsley v. Western Union* we have this definition:

"An inadvertent failure to observe due care indicates mere negligence, but an advertent or conscious failure to

observe due care passes beyond mere negligence into wantonness or willfulness."

*Geddings v. Railroad Co.* is to the same effect:

"It is only necesary to refer to the case of *Tolleson v. Railway,* 88 S. C., 7, to show that this exception cannot be sustained. In that case, the Court uses this language: 'Not only is the conscious invasion of the rights of another, in a wanton, willful, and reckless manner, an act of wrong, but that the same result follows, when the wrongdoer does not actually realize that he is invading the rights of another, provided the act is committed in such a manner, that a person of ordinary reason and prudence would say, that it was a reckless disregard of another's rights.' "

And *Pickett v. Southern Ry. Co.,* 69 S. C., 445; 48 S. E., 466, quoting from an earlier case, points out that gross negligence amounting to recklesness becomes willfulness:

"In *Proctor v. Railroad,* 61 S. C., 170; 39 S. E., 351, the Court says: 'It is quite true that negligence may be so gross as to amount to recklessness, but when it does, it ceases to be mere negligence, and assumes very much the nature of willfulness; so much so, that it has been more than once held in this State, that a charge of reckless misconduct will justify the jury, if the same be proved, in awarding punitive, vindictive or exemplary damages, while it never has been held, so far as we are informed, that the jury under a charge of mere negligence, would be justified in awarding vindictive or exemplary damages.' "

The case last above quoted has been overruled (*Furman v. Tuxbury,* 112 S. C., 75; 99 S. E., 111); but the quotation from that case embodies a correct proposition of law.

We do not deem it necessary to cite other authorities, as these cases lay down the law applicable to the facts of this case.

It has not been contended, nor can it be, that the defendants have been guilty of any intentional wrong. Nor can it be successfully contended that they are

chargeable with a conscious failure to observe due care. But, as we have seen, a party may not realize that he is invading the rights of another, yet his conduct may be such that a person of ordinary prudence and reason would say that it constituted a reckless disregard of the rights of others. In such a case the jury would be justified in awarding punitive damages. Have these defendants been guilty of such gross negligence that a jury would be justified in rendering a verdict for punitive damages against them? His Honor, the Circuit Judge, held that they had not been. We are called upon to review his ruling on this point. The testimony surrounding the accident is not disputed. We will consider the case of each defendant separately.

Of what act of negligence was Miss Miller guilty? Plaintiff answers: "She left an automobile in gear in close proximity to a much traveled sidewalk, and failed to inform her codefendant Smith, who was to drive the car back, that the car was in gear." Plaintiff proved that, on the occasion in question, the automobile did jump the curbing and damage a pedestrian. But he offered no other proof to show that under like circumstances and conditions a similar accident might happen. But granting that this was a dangerous thing to do, the record fails to show that Miss Miller was aware of it. It is true that she is an experienced driver, but the record fails to show that she has had much experience driving Chevrolet cars. At the time of the accident she had owned the car in question only a month. She testified, further, that it was a habit of hers to leave her car in gear to prevent it from rolling. So that, apparently, in leaving her car in gear Miss Miller did so advisedly to prevent an accident from another cause. No accident would have occurred if defendant Smith had "felt the gear" before stepping on the starter. Under this state of affairs, did the Court err in directing a verdict for Miss Miller on the question of punitive damages? We think not.

What is the charge brought against the defendant Smith? Plaintiff answers: "He turned on the engine and stepped on the starter without ascertaining whether or not the car was in gear." What we have said as to Miss Miller will apply in part to Smith. Was this conduct on his part such gross negligence as to amount to willfulness? It is a matter of common knowledge that some drivers leave their cars standing in gear, and others do not. Smith could not tell whether or not the car was in gear except by "feeling it." In *Howell v. Atlantic Coast Line R. Co.,* 99 S. C., 421; 83 S. E., 639, 641, the Court says:

"We have frequently held that a nonsuit should be granted or the verdict directed, unless the evidence is sufficient to warrant a reasonable jury in basing a verdict upon it."

This doctrine is applicable to motions for nonsuits or directions of verdicts on questions of punitive damages. Under the facts of this case, could any reasonable jury base a verdict against either defendant for punitive damages? We think not. These exceptions are overruled.

Exceptions 1, 2, 11 (b), (c) and (d). The exceptions complain because his Honor, the presiding Judge (a) refused to direct a verdict against both defendants for actual damages; (b) against Miss Miller for actual damages; and (c) for his Honor's refusal to grant a new trial upon the same grounds. The facts in this case surrounding the accident are not in dispute. If only one inference could be drawn from these facts, then, undoubtedly, it would be the duty of the Judge to direct a verdict. But, when, as in this case, there may be a fair difference of opinion as to whether the inference of negligence should be drawn, it would be error on the part of the Circuit Judge to direct a verdict. *Turbyfill v. Railway Co.,* 86 S. C., 394; 68 S. E., 687. These exceptions are overruled.

Exceptions 5, 10 (c). These exceptions question 6, 7 the Judge's charge in submitting to the jury the question whether or not Smith was the agent of Miss Miller. The facts from which agency is to be inferred not being in dispute, agency is a matter of law. *Mayfield v. British Am. Mtg. Co.,* 104 S. C., 157; 88 S. E., 370. The facts in regard to agency in this case were in dispute. Miss Miller testified that she delivered her car to Smith, an employee of Barrow-Chevrolet Company, to have the car washed; that she expected to pay this company for this service, as she had previously paid them for all services rendered. Smith testified that he handled the car as an accommodation to Miss Miller, and that his company made no charge for this service. This raised a question of fact, which was properly submitted to the jury. These exceptions are overruled.

Exceptions 6. This exception complains of error on 8 the part of his Honor, the Circuit Judge, in holding that the burden of proving agency rested with plaintiff in this case. Plaintiff's fourth request to charge is as follows:

"When a defendant claims that the alleged agent was not in his employ, although in charge and possession of his property, the burden of proof is on the defendant to show that the alleged agent was not acting for him.

To this request his Honor added:

"That is true, as a general proposition of law, but in this case the plaintiff has alleged that Smith was the agent of the defendant Miss Kate Miller, and it is incumbent upon the plaintiff to prove all the material allegations of the complaint by the preponderance of the evidence."

This exception cannot be sustained. *McCarley v. Glenn-Lowry Mfg. Co.,* 75 S. C., 406, 407; 56 S. E., 1.

Furthermore, with the question of punitive damages eliminated, the question of agency, and, in fact, all other questions raised by plaintiff, become almost academic ques-

tions, for the reason that the jury has fixed plaintiff's damages at $400, and it was stated in argument that Miss Miller's car—a new one—had been attached, and that defendants were ready to pay the judgment rendered against Smith.

However, the Court can consider only matters appearing in the "case" for this Court, and as the "case" does not show affirmatively that plaintiff has ample security for the judgment rendered in his favor against Smith, the Court will pass on all of plaintiff's exceptions.

Exceptions 7 (a) and 8 (a). These exceptions complain of his Honor's charge, made at the request of defendant, in which requests plaintiff contends that the question of the liability of Miss Miller for the negligence of Smith, in case the Barrow-Chevrolet Company was Miss Miller's agent, was withdrawn from the jury. As these exceptions raise the same question, I quote only one of them. Exception 7 (a) is as follows:

"(7) That his Honor erred in charging the jury at the request of defendant: '1. I charge you in this case that if you should find by the preponderance of the evidence that the defendant, Miss Miller, delivered her car to the employee of the Barrow-Chevrolet Company at the Union Bank Building in order to have them take it to their place of business and do work on it you could not find any verdict against Miss Miller.' To which I have added: 'Unless you find that Smith was the agent of Miss Miller, and that he was negligent, and his negligence was a proximate cause of the accident.' I further add to that: 'If you find that Miss Miller was negligent, and that her negligence was a proximate cause of the accident, you can still find against her'— because: (a) If Barrow-Chevrolet Company was the agent of the defendant, Miss Miller, then the act of its employee would have been her act, and she would be responsible for the same."

His Honor correctly charged the law. These exceptions are overruled.

Exceptions 7 (b), 8 (b), 9 (b), and 10 (b). These exceptions to the requests of defendants' attorney, charged by his Honor, alleged, in substance, that his Honor, the Circuit Judge, charged that Miss Miller would not be liable unless the defendant Smith was acting as her agent at the time of the accident, thus leaving out of consideration her alleged negligence in leaving her car in a dangerous condition. His Honor had before fully charged the law applicable to this phase of the. case, and we do not think his failure to again go into the question of negligence could have misled the jury. These exceptions are overruled.

Exceptions 9 (a) and 10 (a) complain that the Judge charged on the facts, as follows:

"Mr. Herbert: I would ask you to give the jury a definition of what constitutes agency; and I would like to have your Honor give them the illustration, that if you leave an automobile with some one to have it fixed, it would not constitute such an agency that the agent's negligence would be attributable to the owner of the automobile.

"The Court: That is true; but if the automobile—we may use by way of illustration—was turned over to a person for the benefit or convenience of the owner of the automobile, it becomes a question for the jury whether the person to whom it was turned over was the agent of the owner of the automobile at the time of the occurrence in controversy."

There is no doubt this charge came dangerously near invading the province of the jury, but when his Honor's charge is considered as a whole, we are satisfied that the jury was not misled by this isolated expression of the Circuit Judge. These exceptions are overruled.

Exceptions 11 (a) and 11 (b). These exceptions are to the inadequancy of the verdict. It is said in

*Mills v. Atlantic Coast Line R. Co.,* 85 S. C., 470; 67 S. E., 565, 568:

"It has been repeatedly determined that this Court has no power to correct a verdict on the ground that it is excessive unless it is so grossly excessive as to authorize an inference that it is the result of prejudice or caprice"

The same principle applies when the exception raises the question that the recovery is inadequate.

The jury passed on the facts in this case.

One of plaintiff's grounds for a new trial was the inadequacy of the verdict. We cannot say that the verdict of the jury was so small as to authorize an inference that it was the result of prejudice or caprice.

All exceptions are overruled, and the judgment of the Circuit Court affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE COTHRAN did not participate.