14242
## ANDERSON *ET AL.* v. ATLANTIC COAST LINE R. CO.
(184 S. E., 164)

*Mr. F. L. Willcox,* for appellant,

*Messrs. J. Badger Baker* and *George W. Keels,* for respondents,

February 28, 1936.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

In this case, we concur in so much of the opinion prepared by Mr. Justice Bonham as holds that there is testimony to support the verdict of the jury as to actual damages. We also agree that the record sufficiently shows that a motion was made by the defendant for a directed verdict as to punitive damages. We do not concur in his conclusion that the motion for a directed verdict as to punitive damages should have been directed by the trial Court.

The testimony shows that the defendant, through its agents and servants, was engaged in burning off the roadbed lying between the track and a ditch running parallel therewith. The right of way, however, extended beyond the ditch for a width of 40 feet, and on this additional width there was crab grass two feet high, which was dry and highly combustible. The fire escaped from the roadbed, jumped the ditch, ignited the crab grass, and from there spread to the adjoining lands of the plaintiffs. The evidence on behalf of the plaintiffs shows that at the time the servants of the defendant set out this fire a high wind was blowing. The witnesses for the defendant testified that the wind was blowing, but that the fire could have been controlled if the wind had not risen higher during the progress of burning off the roadbed. The section master who was in charge of this work and who was personally supervising it testified as follows:

"Q. You started burning then right on the rear track bordering the Anderson property, and at that time there was a wind blowing? A. Yes, it was blowing.

"Q. And when the fire got away it just swept through before you could get it under control? A. The wind was blowing when we started, but not to the extent if the wind hadn't risen higher we couldn't have extinguished it. And if it hadn't hit the cornfield grass—we burn and scrub our right-of-way every year, and it is not heavy, but this cornfield grass hadn't been scrubbed and when it hit that it went on out into the woods before we could get it out.

"Q. When you speak of the wind rising suddenly, do you mean a whirlwind? A. The whirlwind goes round. This was more a puff, a heavy wind.

"Q. During your experience as foreman burning rights-of-way you have had winds spring up suddenly? A. Yes, sir.

"Q. And you have learned to take precaution against those sudden gusts that are liable to spring up? A. It is liable to happen any day and any time. We have to burn our rights-of-way, we are instructed and have to burn our right-of-way and the wind is liable to rise at any time.

"Q. And you know that from your experiences? A. Yes, I know it. I realize that."

The evidence does not disclose what, if any, precautionary measures were taken by the defendant's servants to prevent a sudden gust of wind spreading the fire beyond the ditch. The testimony does tend to show that the defendant's servants had experienced these sudden gusts before when burning off the right of way, and had learned to adopt measures to keep the fire within proper bounds; that is, in the nomenclature of the law pertaining to fire insurance, prevent a "friendly" fire from becoming a "hostile" fire. The action and effect of a wind upon fire is known of all men. The question to be decided is, Was there evidence on the issue of punitive damages to be submitted to the jury? We think there was. It is not suggested that the defendant's act in setting out the fire upon the roadbed was unlawful or unlawful in purpose. It was not necessary for the plaintiffs to prove that the defendant had a special intent to injure plaintiffs by so doing.

We do not think that the position of the appellant is tenable that, in order to recover punitive damages, there must be an intentional act, done with the purpose to do a wrong to the person affected. See *Thomasson v. Southern Railway,* 72 S. C., 1, 51 S. E., 443.

The instructions given by the trial Judge to the jury in the Court below fairly and correctly covered the law appli-

cable to the facts in this case on the question of punitive damages, and are in accord with the holdings of this Court in *Norris v. Greenville, S. & A. Ry. Co.,* 111 S. C., 322, 97 S. E., 848, 850, where it was said: "These exceptions cannot be sustained, for the reason that not only is the conscious invasion of the rights of another in a wanton, willful, and reckless manner an act of wrong, but also when the wrongdoer does not actually realize that he is invading the rights of another, provided the act is committed in such a manner that a person of ordinary reason and prudence would say that it was a reckless disregard of another's rights"—(cited and approved in *Bailey v. Smith,* 132 S. C., 212, 213, 128 S. E., 423, 427).

The same rule was announced by this Court in *Tolleson v. Southern Railway,* 88 S. C., 7, 70 S. E., 311; *Eberle v. Southern Railway Co.,* 98 S. C., 89; 79 S. E., 793; *Geddings v. Atlantic Coast Line R. Co.,* 91 S. C. 477, 486, 75 S. E., 284.

It was for the jury to say under the evidence whether the act of the defendant's agents was committed in such a manner that a person of ordinary reason and prudence would say that it was a reckless disregard of the rights of the plaintiffs.

It was held in *Cole v. Blue Ridge Railway,* 75 S. C., 156, 55 S. E., 126, quoting from *Proctor v. Southern Railway Co.,* 61 S. C., 170, 39 S. E., 351, that negligence may be so gross as to amount to recklessness, but, when it does, it ceases to be mere negligence, and assumes very much the nature of willfulness; so much that it has been more than once held in this State that a charge of reckless conduct will justify the jury, if the same be proved, in awarding punitive, vindictive, or exemplary damages.

All exceptions are overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE CARTER concur.

Mr. Justice Bonham dissents.

Mr. Justice Baker disqualified.

Mr. Justice Bonham (dissenting):

Plaintiffs brought this action in the City Court of Florence County to recover damages alleged to have been sustained by the burning over of lands of the plaintiffs by the agents and servants of defendant. The complaint alleges negligence, carelessness, willfulness, and wantonness in the particulars set out therein, and demands damages, actual and punitive, in the sum of $3,000.00. The answer admits the corporate capacity of the defendant; denies knowledge, nor information sufficient to form a belief as to the allegations of Paragraph 2; denies the allegations of Paragraph 3; denies the allegations of Paragraph 4 to the effect that the marketable timber and the young growth of timber on the burned-over area were burned or destroyed; denies the allegations of Paragraphs 5 and 6. The trial resulted in a verdict for plaintiffs in the sum of $200.00 actual, and $300.00 punitive damages. A motion for new trial was refused. It was made on the grounds that the verdict for actual damages is totally without support in the testimony; that as to the verdict for punitive damages there is no reasonable conclusion that can be reached from the testimony except that the employees of the defendant were not guilty of such conduct as would warrant a verdict for punitive damages; that as to the verdict for both actual and punitive damages the verdict was in an excessive amount.

The defendant appeals on three exceptions, namely:

(1) "His Honor erred in not directing a verdict for the defendant on the motion made therefor, so far as punitive damages are concerned, there being no evidence from which an inference of gross negligence, recklessness or wilfulness could reasonably be drawn."

(2) "That His Honor erred in not granting a new trial on the motion made therefor on the ground that there was no testimony from which an inference that plaintiffs sustained as much as $200.00 actual damages could be drawn."

(3) "His Honor erred in not granting a new trial on the ground that there was no testimony from which an inference that defendant was guilty of wilfulness, recklessness or gross carelessness could reasonably be drawn."

Which exceptions make two questions, namely: Does the evidence sustain the finding of the jury in the sum of $200.-00 for actual damages? Should the motion for directed verdict on the ground for punitive damages have been granted?

We think after a careful survey of the evidence that there is testimony to support the finding of the jury as to actual damages, and the exceptions thereabout are overruled.

The more serious question relates to the finding as to punitive damages. Counsel for respondent contend that appellant is not entitled to question the award as to punitive damages, for the reason that no motion for directed verdict, nonsuit, or request for peremptory instruction with reference to punitive damages was made at the close of the testimony or during the trial. It would seem that this contention is based upon a misapprehension. We find in the transcript of record at page 45, folios 179, 180, the following:

"Mr. Willcox: Your Honor, I would like to have a ruling now, because if there is no proof of it then there is no reason for me to put additional witnesses, if there is then it may be worth while for me to put up other witnesses—whether or not there is any proof that you will submit to the jury as to punitive damages?

"The Court: My feeling about that is this, that at the time fire was set out there was a strong wind blowing and it was an unusually dry season and I am inclined to think that would be some evidence on the failure to use care."

The record seems to be defective in that it does not set out the language in which the motion to direct a verdict on the ground of punitive damages was made, but, unless such motion was made, the excerpt we have made from the record is meaningless. We think it is conclusive that the motion was made and refused. In the exceptions which are a part of the record submitted to counsel for respondents,

and to which no exceptions appear to have been made, it is stated in Exception 1 that his Honor erred *"in not directing a verdict for defendant on the motion made therefor so far as punitive damages were concerned."* We think the record contains sufficient proof that a motion to direct a verdict on this subject was made and refused. .

It is always difficult to give a definition of the grounds for punitive damages which will fit the facts of any particular case. In the present case the presiding Judge charged the jury that the plaintiffs in their complaint allege that the defendant through its agents was reckless and wanton at the time of the fire in question in permitting this fire to escape and burn over plaintiffs' land; that defendant was wanton and reckless in burning defendant's right of way without taking proper precautions to safeguard the property of these plaintiffs; in allowing said fire to get out of control and ignite timber lands and straw of plaintiffs; in not attempting to protect the land before burning off defendant's right of way; in commencing to burn off right of way when defendant knew, or should have known that, because of climatic conditions existing at the time, said fire would communicate with the lands of these plaintiffs; and finally they allege recklessness in failing to attempt to extinguish the fire upon plaintiff's lands after it commenced to burn.

Having thus stated the allegations of recklessness in the complaint, his Honor continued his charge in this wise: "A reckless act consists in doing something without the exercise of even a slight degree of care. If a person, with a reckless and wanton disregard for another person's rights invades that person's rights and doesn't take any precaution to use even a slight degree of care why then the law says that the person who has been successfully proven guilty of that kind of an act should respond in punitive damages, but the burden is upon the plaintiffs here to show that the defendant, in letting this fire get away and in burning over plaintiffs' land failed to use even a slight degree of care and

that on the contrary the defendants were guilty of reckless-ness and wantonly and willfully causing this damage to plaintiffs' property."

In general terms this charge was correct, but we are of opinion that in this particular case it does not go far enough. It does not contain the full definition of gross negligence which in our judgment would warrant the infliction of punitive damages.

Gross negligence in reference to torts is thus defined by Black's Law Dictionary (3d Ed.), pp. 1232 and 1233: "In the law of torts (and especially with reference to personal injury cases), the term means such negligence as evidences a reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, *or that entire want of care which would raise the presumption of a conscious indifference to the rights of others which is equivalent to an intentional violation of them.*" (Italics added.)

In our opinion the charge of the Judge is incomplete because it did not instruct the jury that there must be conscious disregard of the rights of others; in other words, there must be proof that the defendants knew and realized, were conscious of the fact, that they were endangering the property of the plaintiffs, and deliberately, willfully, recklessly, and wantonly disregarded their duty in the premises.

In the case of *Kibler v. Southern Railway,* 62 S. C., 252, 270, 40 S. E., 556, 563, Mr. Chief Justice McIver said this (quoting from the charge of the trial Judge): " *'The intentional doing of any unlawful act would be construed malicious,'*—the special error complained of being in the words which we have italicized. This, we think, states the rule in stronger terms than are justified. * * * One may intentionally do an act which proves to be unlawful without the slightest design to do a wrong to any one. For example, one may intentionally cut trees growing on land which proves upon investigation to be the land of another, although he honestly believed at the time that the trees were on his own land; and in such a case no one would say that

the act was malicious, although the person who cuts the trees did an unlawful act intentionally."

This case is quoted with approval in the case of *Payne v. Cohen,* 168 S. C., 459, 167 S. E., 665, 666. In that case the Judge charged the jury: "I charge you that an act is done wilfully when it is done intentionally." This Court said that was error and added: "A man may do an intentional act in ignorance that he is doing a hurt or a wrong to another. Or one may do an intentional act under the honest belief that he is within the law and his rights in the premises."

These quotations show that one may sometimes do an act thinking he is within his rights and yet do a wrong and an injury to another; in other words, there must be a conscious invasion of the rights of another to subject one to the penalty of punitive damages. To put it in another way, one realizes that the thing he is about to do will or may inflict injury upon another, and yet in a spirit of indifference or recklessness or wantonness amounting to gross negligence, he goes on and does the thing. The law will not assume that one is willfully guilty of a violation of duty, and he who charges one with such violation must prove it; so gross negligence must be proved and not assumed. *Baker v. Western Union Tel. Co.,* 84 S. C., 477, 66 S. E., 182, 137 Am. St. Rep., 848.

The doctrine which we hold to be the correct one is thus stated in the case of *Gwynn v. Citizens' Tel. Co.,* 69 S. C., 434, 48 S. E., 460, 463, 67 L. R. A., 111, 104 Am. St. Rep., 819: "A tort committed by mistake in the assertion of a supposed right, or without any actual wrong intention, and without such recklessness or negligence as evinces malice *or conscious disregard of the rights of others,* will not warrant the giving of damages for punishment where the doctrine of such damage prevails." (Italics added.)

"Punitive damages are never given unless the evidence shows there was on part of defendant a conscious failure to observe due care." *Darlington County Fair & Driving*

*Ass'n v. Atlantic Coast Line R. Co.,* 90 S. C., 436, 73 S. E., 790.

We have carefully examined the evidence in this case, and we can find none which warrants the conclusion that the agents of the defendant consciously disregarded the rights of the plaintiffs in the premises. They were guilty of negligence, for which compensation is given by the verdict for actual damages, but we are unable to find any evidence of such gross negligence as evinces a conscious disregard of plaintiff's rights.

The exceptions in regard to punitive damages are sustained. The judgment of this Court is that, if within ten days after the remittitur is filed in the office of the clerk of the City Court for Florence County and notice thereof given to plaintiffs or their attorneys the respondents remit on the judgment the sum of $300.00 awarded for punitive damages, the judgment as thus amended is affirmed; failing this, the judgment is reversed and the case remanded for new trial.

Since the majority of the Court do not concur in my opinion in reference to punitive damages, this opinion becomes the minority opinion as to that matter.